## Hallock v. Hallock
*[Cite as 2 AOA 295]*

*Case No. 89FU000009*
*Fulton County, (6th)*
*Decided March 9, 1990*

*R.C. 2151.23*
*R.C. 3111.06*
*R.C. 3111.07*

This matter is before the court on appeal from a judgment of the Fulton County Court of Common Pleas.

Earl Hallock ("Hallock") and defendant-appellee, Angela J. Hallock, were married February 16, 1986. On March 25, 1988, Hallock filed a complaint for divorce against appellee. The complaint alleged, *inter alia*, that one child, Tera Ann Beeckman[1] (DOB December 1, 1985), was born as issue of this marriage. Hallock also moved the court for an order granting him temporary custody of Tera Ann. An order granting Hallock temporary custody of Tera Ann was entered March 25, 1988.

On August 25, 1988, appellee answered the complaint for divorce. Appellee denied that any children were born as issue of the marriage. Appellee filed a counterclaim for divorce against Hallock and a third-party complaint against defendant-appellant, Earl Willson.[2] The third-party complaint alleged that appellant is the natural father of Tera Ann and sought support for Tera Ann from appellant. Appellant answered the third-party complaint on December 5, 1988, denying that he is the father of Tera Ann.

On March 2, 1989, appellee moved the court to order Hallock to appear and present himself and Tera Ann for genetic testing. The court issued the following order on March 13, 1988:

"This matter came on to be heard on Defendant and Third-Party Plaintiff's motion for genetic testing. For good cause shown.

"IT IS ORDERED, ADJUDGED, AND DECREED that Earl Hallock appear before this Court in person and produce Tera Ann Beeckman to this Court on the 21st day of March, 1989, at 1:00 p.m.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Angela J. Hallock, the child, Tera Ann Beeckman, the alleged fathers Earl Wilson [sic] and Earl Hallock submit to genetic testing at such time and place as may be determined by the Court on March 21, 1989."

Hallock did not appear and did not present Tera Ann for testing.

The matter proceeded to hearing on April 13, 1989. Appellee, appellant and appellee's mother, Judith Ann Beeckman, testified. In regard to her third-party complaint, appellee testified that she and appellant had sexual

intercourse in March 1985 and that she believed that appellant was Tera Ann's father. Appellee stated that she and Hallock did not have intercourse in March 1985 but that they did have intercourse in April 1985. On cross-examination by appellant's attorney, appellee stated that Hallock supported Tera Ann during their marriage.

Appellant testified that he had intercourse with appellee but stated that Tera Ann was not his child. Appellant stated that he has never provided support for Tera Ann and that he was using birth control (condoms) when he and appellee had intercourse.

In a judgment entry filed April 25, 1989, the trial court granted appellee an absolute divorce from Hallock and awarded permanent custody of Tera Ann to appellee. The trial court also stated:

"It appears from the evidence this court does not have jurisdiction to determine the issue of paternity of the minor child Tera Ann Beeckman, born 12-1-85, or issues of custody and support as between defendant Angela J. Hallock and Third Party Defendant Earl Wilson [sic], original jurisdiction thereof lying expressly with the Juvenile Court, pursuant to the provisions of Sec. 2151.23(B) (2), and Sec. 3111.06 O.R.C. It further appears that a determination of parentage at this time, in light of the conflicting testimony of Defendant and Third Party Defendant, the absence of blood tests, and the absence of the minor child, is not in the interest of justice, Third Party Defendant also having the right of jury trial on such issue, and the minor child having substantial rights not presented nor waived herein."

The court dismissed appellee's third-party complaint, other than on the merits and without prejudice.

Appellant moved the court for reconsideration and findings of fact and conclusions of law. In an entry filed May 30, 1989, the trial court set forth its findings of fact and conclusions of law and denied appellant's request for reconsideration. Appellant has appealed to this court assigning one error:

"THE TRIAL COURT ERRED IN DISMISSING THE THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT-APPELLANT WITHOUT PREJUDICE AFTER THE CAUSE WAS TRIED UPON THE MERITS."

Pursuant to R.C. Chapter 3111, the trial court before which the divorce action was pending had jurisdiction to determine Tera Ann's parentage. In *Standifer* v. *Arwood* (1984), 17 Ohio App. 3d 241, 244, the Warren County Court of Appeals stated:

"In our view a court of common pleas may properly assume jurisdiction of a parentage or paternity action, as such jurisdiction has not been taken away by the granting of exclusive jurisdiction to another court."

Nevertheless, in its findings of fact the trial court stated:

"*** in the exercise of it's [sic] judicial discretion and performance of equity, [the court finds] that it would be in the best interest of the minor child, Tera Ann [sic] Beeckman, for the Court to decline to exercise it's [sic] concurrent jurisdiction in this matter and to dismiss Defendant's action against Wilson [sic], without prejudice, until such time as blood tests, or such other tests as may be deemed appropriate, can be performed, preserving thereby the parties' rights to reinstate the parentage action in Juvenile Court, pursuant to Sec. 2151.23(B) (2), or in the present case after the minor child Tera Anne [sic] Beeckman is produced per court order."

It appears from this judgment entry that the trial court believed it was without the necessary parties and evidence to make an accurate determination of Tera Ann's parentage. As a result, the trial court dismissed the action pursuant to Civ. R. 41(B). Upon our evaluation of all the relevant facts and circumstances of this case, we have determined that the trial court did not abuse its discretion in dismissing the action.

Specifically, R.C. 3111.07(A) provides, in part:

"The child shall be made a party to the action unless a party shows good cause for not doing so."

Although Hallock was ordered to appear with Tera Ann, the child was not present nor was she made a party to the action. Further, R.C. 3111.10 states:

"In an action brought under sections 3111.01 to 3111.19 of the Revised Code, evidence relating to paternity may include:

"(A) Evidence of sexual intercourse between the mother and alleged father at any possible time of conception;

"(B) An expert's opinion concerning the statistical probability of the alleged father's

paternity, which opinion is based upon the duration of the mother's pregnancy;

"(C) Genetic test results, weighted in accordance with evidence, if available, of the statistical probability of the alleged father's paternity;

"(D) Medical evidence relating to the alleged father's paternity of the child based on tests performed by experts. If a man has been identified as a possible father of the child, the court may, and upon the request of a party shall, require the child, the mother, and the man to submit to appropriate tests. Any fees charged for the tests shall be paid by the party that requests them unless the court orders the fees taxed as costs in the action.

"(E) All other evidence relevant to the issue of paternity of the child."

With the exception of Section (A), the court was not provided with any of the aforementioned evidence. In its findings of fact, the court stated:

"The Court found Defendant Angela J. Hallock's testimony, although contradicted by Wilson [*sic*], to be more convincing than Wilson's [*sic*] testimony, and yet not conclusive."

We find that for the trial court to base its decision on "inconclusive" testimony would have been mere guesswork and an injustice to Tera Ann.

In *Dukes* v. *Cole* (1985), 23 Ohio App. 3d 65, the court stated that the mother, the child and the state have a significant interest in paternity proceedings. In the case *sub judice*, the conduct which resulted in dismissal was Hallock's failure to appear and produce Tera Ann for genetic testing. This is conduct which neither the state, appellee nor Tera Ann could control. To possibly penalize appellee, the state and Tera Ann for Hallock's conduct is unjust. For the aforestated reasons, we find appellant's sole assignment of error not well-taken.

*Judgment affirmed.*

PETER M. HANDWORK, P.J.
GEORGE M. GLASSER, J.
CHARLES D. ABOOD, J.
Concur.

---

[1] Appellee's maiden name was Angela J. Beeckman. Tera Ann was born prior to appellee's marriage to Hallock.

[2] Appellant's name is spelled two different ways throughout the record. As his name is spelled "Willson" in his appellate brief, we have chosen to adopt that spelling.