DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Common Pleas Court judgment that affirmed an Ohio Department of Human Services (ODHS[1]) administrative decision. The ODHS decision upheld benefit sanctions imposed on Erika Rudolph, plaintiff below and appellant herein, as a result of her voluntary termination of employment without "just cause." The following error is assigned for our review:
 "THE COURT BELOW ERRED AND ABUSED ITS DISCRETION IN DECIDING THE APPEAL AGAINST APPELLANT WHERE COUNSEL FOR APPELLANT MAILED THE BRIEF ON THE MERITS TO THE COURT 3 DAYS AFTER ITS DUE DATE."
A brief review of the facts pertinent to this appeal is as follows. Appellant had previously received food stamps and cash benefits under the "Ohio Works First" program (OWF) through the Meigs County Department of Human Services. On November 4, 1999, she executed a "self sufficiency plan" intended to help wean her away from public assistance. The plan provided, among other things, that if appellant terminated any future employment "without just cause" she would be sanctioned by "six months off cash assistance and food stamps." Good cause to terminate employment was defined in part as follows:
 "3) Employment that has become unsuitable due to any of the following:
a) The wage is less than the federal minimum wage;
 b) The work site is at a site subject to a strike or lockout . . .
 C) The documented degree of risk to the [recipient's] health and safety is unreasonable;
 d) The [recipient] is physically or mentally unfit to perform the employment, as documented by medical evidence or by reliable information from other sources."
On January 17, 2000, Delta Metals hired appellant to work as a shipping clerk. She quit her job several weeks later. The employer informed ODHS that appellant left because the "job was not what she expected." Appellant claimed, however, that she quit because of the cold temperature in the workplace.
At the hearing the employer apparently testified that the building was cold for several days while a new heating system was installed.[2]
Appellant disputed her employer's account and asserted that the building had been cold for longer than just a couple of days.
The hearing officer found against appellant and ordered that she be ineligible for OWF for six (6) months and that she receive a reduction in food stamp benefits. An appeal was taken and, on May 9, 2000, the Chief Administrative Hearing Examiner found no error with the hearing officer's conclusion. The benefit sanctions were thus affirmed.
Appellant commenced the action below on June 7, 2000 as an administrative appeal from ODHS. She asserted that the agency's decision was (1) "contrary to law"; (2) "not supported by reliable, probative and substantial evidence"; and (3) "an abuse of discretion." On June 20, 2000, appellant filed a motion asking for a transcript of the ODHS hearing. She asserted that she had been unrepresented by counsel at the administrative level and that her attorney on appeal needed a transcript to examine the evidence. ODHS's opposing memorandum argued that appellant had not satisfied the requirements of R.C. 5105.35(E)(4) and, thus, was not entitled to a transcript.[3] On July 3, 2000, the trial court denied appellant's motion. The court's entry also included a briefing schedule and required appellant to file a brief addressing the pertinent issues in this case before July 17, 2000. That deadline passed, however, without appellant filing a brief. On July 20, 2000, appellant requested an extension of time to file a brief. The trial court gave appellant an additional two (2) weeks and ordered that she file her brief by July 31, 2000. Again, the deadline passed without the filing of a brief. Finally, on August 7, 2000, appellant filed her brief.[4] Appellant also filed another motion that renewed her request for a transcript. Appellant argued that she now complied with the predicate statutory requirements, but was unable to reach agreement with opposing counsel as to the composition of a record on appeal. Appellant repeated her assertion that a transcript was necessary to fully evaluate the evidence in this case.
On September 26, 2000, the trial court affirmed the ODHS administrative decision and overruled appellant's renewed request for a transcript. The court first addressed appellant's successive failures to meet the briefing deadlines and concluded that she had essentially "waived" her right to appear and thereby failed "to prosecute" the action. Thus, the court concluded, her appeal would be decided on the basis of the record alone (presumably without any input from her late brief). The trial court thereupon determined that the ODHS decision was supported by reliable, probative and substantial evidence and was in accordance with law. The court reasoned that the sole issue in this case was whether appellant had established "just cause" for terminating employment in violation of her self sufficiency plan. Although appellant testified that she had quit work because her work place was too cold, the court found that sufficient evidence had been adduced to rebut that contention. The court thus affirmed the benefit sanctions imposed by ODHS and this appeal followed.
Appellant argues in her assignment of error that the trial court's judgment was improper. Specifically, she characterizes that judgment as being tantamount to a "dismissal" for failure to prosecute and argues that such action was erroneous without first giving her notice that this was the court's intention. We are not persuaded.
As an abstract proposition of law, appellant is correct that cases cannot be dismissed for failure to prosecute without advance notice being given to the parties. This Court and others have held that notice is an "indispensable prerequisite" to dismissal for failure to prosecute. Seee.g. In re Atkins (1990), 67 Ohio App.3d 783, 786, 588 N.E.2d 902, 904;Daub v. Eberhart (Sep. 27, 1993), Scioto App. No. 2085, unreported;Niemar v. Capots (Apr. 2, 1993), Ross App. No. 92CA1907, unreported;McDermott v. Lynch (Feb. 25, 1993), Cuyahoga App. No. 64119, unreported. However, we disagree with appellant that in the instant case the trial court's September 26, 2000 judgment can fairly be characterized as such a dismissal. Although the trial court might have described appellant's successive failures to timely file her brief as a "failure to prosecute," the fact remains that the court did review the record and render a decision on the merits. Thus, no dismissal for failure to prosecute occurred in this case.
The pivotal issue in the case sub judice is whether the court was within its authority to exclude appellant's late brief from consideration in rendering its decision on appeal. For the following reasons, we resolve that issue in the affirmative. First, trial court judges have inherent authority to manage proceedings and control their own dockets.See generally State v. Lyons (Jul. 6, 2000), Cuyahoga App. No. 76514, unreported; Pheils v. Palmer (Mar. 19, 1999), Lucas App. No. L-98-1092, unreported; Musson v. Musson (Jul. 10, 1998), Hardin App. No. 6-98-01, unreported. We note that the trial court twice imposed deadlines for appellant to file her brief. Both times, however, appellant missed the deadline. Appellant did untimely file her brief, but apparently without seeking leave of court. We do not believe, given the circumstances present in the case at bar, that the trial court exceeded its authority by excluding her brief from consideration.
Moreover, we note that:
 "R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judges discretion, the hearing may involve the acceptance of briefs, or argument and/or newly discovered evidence." (Emphasis added.)
Ohio Motor Vehicle Dealers Bd. v. Central Cadillac Co. (1984),14 Ohio St.3d 64, 67, 471 N.E.2d 488, 492; also see Shumaker v. OhioDept. of Human Serv. (1996), 117 Ohio App.3d 730, 749, 691 N.E.2d 690,702; Sahely v. Ohio State Racing Comm. (Apr. 6, 1993), Franklin App. 92AP-1430, unreported; Dewey v. Ohio Bureau of Motor Vehicles (Mar. 11, 1991), Butler App. No. CA90-08-163, unreported. Thus, the trial court in the cause sub judice was not required to accept briefs from the parties. Instead, the issue was left to the court's sound discretion. It follows that if the decision to permit briefing is discretionary, the decision to disallow briefs must be discretionary as well. Accordingly, the trial court's decision on the matter should not be reversed absent a showing of an abuse of that discretion.
We note that an abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140, 1142; Malone v. Courtyard byMarriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242, 1249;State ex rel. Solomon v. Police Firemen's Disability Pension FundBd. of Trustees (1995), 72 Ohio St.3d 62, 64, 647 N.E.2d 486, 488. Appellate courts are admonished that, when applying the abuse of discretion standard, they are not free to substitute their own judgment for that of the trial court. See State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254, 1258; In reJane Doe 1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, 1184;Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308. Indeed, to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1, 3.
We are not persuaded that the trial court acted arbitrarily, unreasonably or unconscionably in refusing to consider appellant's brief. While some members of this Court might have exercised their discretion differently, this is not the standard by which we measure an abuse of discretion. See e.g. Keller v. Russell (Jun. 9, 2000), Scioto App. No. 99CA2659, unreported; Jones v. Jones (Dec. 17, 1999), Highland App. No. 99CA9, unreported; Conner v. Renz (Dec. 29, 1994), Athens App. Nos. 94CA1605 94CA1606, unreported. Suffice it to say that in the casesub judice the trial court (1) acted within its discretion to consider the case without benefit of appellant's late filed brief; and (2) complied with the mandate of Ohio Motor Vehicle Dealers Bd., supra and conducted a hearing which was limited to a review of the record. In short, we find no procedural error in the trial court's decision.[5]
For these reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
 _______________________________ Peter B. Abele, Presiding Judge
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Effective July 1, 2000, R.C. 5101.01 was amended to change the name of ODHS to the Department of Job and Family Services. See Am.Sub.H.B. No. 470, 1999 Baldwin's Ohio Legislative Service No. 12. However, because appellee was referred to as ODHS during the course of the proceedings below, for purposes of consistency we will do the same on appeal.
[2] We take this from the administrative decision filed below. There is no transcript of that proceeding in the record before us and, thus, we have no of knowing precisely what was said.
[3] The provisions of R.C. 5101.35(E)(4) state that ODHS need only file a transcript of the administrative hearing if ordered by the trial court and that the trial court shall make such an order "only if it finds that [ODHS] and the appellant are unable to stipulate to the facts of the case and that the transcript is essential to a determination of the appeal." ODHS argued that appellant had never contacted it in an attempt to stipulate facts at the administrative level, nor had she demonstrated that the transcript was essential for her appeal.
[4] It does not appear from the record that appellant sought leave of court to file her brief after the court's deadline. Rather, she tendered it for the court's consideration without obtaining advance permission to do so.
[5] Appellant's appellate brief does not address the underlying merits of the trial court's judgment. We, likewise, do not address the merits.