The STATE ex rel. ROBINSON, a.k.a. Shaheed,

v.

CLARK, Judge.

[Cite as *State ex rel. Robinson v. Clark* (1994), 91 Ohio App.3d 627.]

Court of Appeals of Ohio,
Warren County.

No. CA93–06–049.

Decided Jan. 18, 1994.

*Curtis Robinson, Jr., pro se.*

*Timothy Oliver,* Warren County Prosecuting Attorney, and *Keith W. Anderson,* Assistant Prosecuting Attorney, for respondent.

---

FRED E. JONES, Presiding Judge.

Relator, Curtis Robinson, Jr., filed an original action in this court seeking a writ of mandamus against respondent, Judge Mark Clark of the Warren County Common Pleas Probate Court. Relator is currently incarcerated at the Warren Correctional Institution in Lebanon, Ohio.

Relator filed an application in the probate court to change his name pursuant to R.C. 2717.01. The court notified relator that he had not complied with the procedural requirements of the statute. Relator submitted a second application to the court which was not accepted because relator did not pay the filing fee.

R.C. 2717.01 requires notice of an application for a name change to be published and requires the probate court to hold a hearing on the application. The court is authorized to charge fees in conjunction with the proceedings pursuant to R.C. 2101.16.

In his application for a writ of mandamus, relator asks this court to order respondent to accept his application for a name change without the filing fee and to waive the hearing requirement of R.C. 2717.01. Relator argues that requiring him to pay the filing fee and to attend a hearing infringes upon his free exercise of religion in violation of the First and Fourteenth Amendments to the United States Constitution.

In his motion to dismiss, respondent argues that there is no clear legal duty to waive the filing fee or to waive the hearing requirement. We agree.

In order for a writ of mandamus to issue, relator must show he has a clear right to the relief prayed for, the respondent is under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Greene v. Enright* (1992), 63 Ohio St.3d 729, 590 N.E.2d 1257.

On similar facts, it was held in *In re Paxson* (June 30, 1992), Scioto App. No. CA91–2008, unreported, 1992 WL 154139, that R.C. 2717.01 does not impermissibly infringe upon a person's free exercise of religion. "The statute applies with equal force to both secular[ly] and religiously motivated name

changes and the procedural requirements must be met by prisoners and nonprisoners alike." *Id.* at 6. The purpose behind R.C. 2717.01 is to protect the public from fraudulent name changes; it is a proper exercise of the state's police power. The filing fee is necessary to that end. *Id.*

Further, the statutory name change procedure is in addition to the common-law right to change one's name. "Thus, [relator] still has recourse to the more traditional method of [e]ffecting a name change and cannot be heard to complain that this additional statutory method is not as convenient as he might have wished." *Id.* at 6–7.

Relator has not demonstrated a clear legal right entitling him to have the fees or the hearing associated with his application for a name change waived. Relator has not demonstrated a clear legal duty on behalf of respondent to waive the fees or to waive the hearing.

Accordingly, respondent's motion to dismiss is granted and relator's application for a writ of mandamus is denied.

*Judgment accordingly.*

KOEHLER and FREDERICK N. YOUNG, JJ., concur.