**In re HALL.**

[Cite as *In re Hall* (1999), 135 Ohio App.3d 1.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 98CA2443.

Decided Aug. 10, 1999.

*Rick Dewayne Hall, pro se.*

EVANS, Judge.

This is an appeal from the Ross County Probate Court dismissing the application of a prison inmate for a change of name.

This matter has previously been before us as *In re Hall* (Mar. 3, 1998), Ross App. No. 97CA2305, unreported, 1998 WL 101346 (hereinafter *"Hall I"*).

Appellant filed his request for a name change on April 8, 1997, citing religious reasons as the basis for this request. On April 28, 1997, the Chillicothe Gazette, a newspaper of general circulation in Ross County, certified that a notice of

hearing on the appellant's name change petition appeared in that newspaper. On May 28, 1997, the Ross County Probate Court *sua sponte* dismissed the appellant's petition for failure to appear.

On appeal of that dismissal to this court, on March 3, 1998, we held in *Hall I* that the trial court erred in dismissing the appellant's petition without providing notice and without providing the appellant the opportunity to oppose the dismissal of his petition. In *Hall I*, Judge Abele, quoting *Laguta v. Serieko* (1988), 48 Ohio App.3d 266, 549 N.E.2d 216, noted the following: "In situations where, as here, the plaintiff is unrepresented by counsel and incarcerated, the federal courts have ruled that trial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits." *Id.*, at 267, 549 N.E.2d at 217.

Judge Abele suggested a number of alternatives to dismissal, among them the appointment of pro bono counsel, postponement of the proceeding if the prisoner's release is imminent, or dismissal without prejudice to allow refiling at a later date. He concluded that: "It must always be kept in mind that the main objective of justice is to decide cases on their merits." *Id.* at 267, 549 N.E.2d at 217. This matter, *Hall I*, was remanded to the trial court for further action consistent with that decision.

On remand, the Ross County Probate Court, by entry of April 17, 1998, scheduled this matter for hearing on June 2, 1998, demanding that the appellant again publish notice of the hearing as supposedly required by R.C. 2717.01(A). Appellant responded to the trial court on April 27, 1998, noting that he only earned $17 per month as a prisoner and would have difficulty affording the $38 cost of publication. The trial court, by April 28, 1998 entry, notified the appellant that if he did not publish a second notice there would be no hearing on his petition.

However, on June 3, 1998, the trial court journalized an entry that noted a hearing was held on June 2, 1998, that applicant Hall failed to appear, and that the court proposed to dismiss his application once again. In that same entry, the trial court gave the appellant until June 29, 1998, to show cause why his application should not be dismissed. Appellant filed a brief in response on June 11, 1998. However, on June 29, 1998, the trial court dismissed his petition without a hearing, stating that appellant "failed to comply with requirement of ORC 2717.01" (*sic*).

Our standard of review in a case such as this is abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude. *Cedar Bay Constr. Inc. v.*

*Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205; *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 275, 15 OBR 408, 409, 473 N.E.2d 798, 800.

Previously, this court held that a prisoner, despite a religious motivation for requesting a name change, must still comply with the procedural requirements of R.C. 2717.01. *In re Paxson* (June 30, 1992), Scioto App. No. 91CA2008, unreported, 1992 WL 154139. See, also, *State ex rel. Robinson v. Clark* (1994), 91 Ohio App.3d 627, 632 N.E.2d 1393.

In *Paxson*, with Judge Stephenson writing, this court noted: "The purpose of the notice and hearing requirement is to protect the public from injury which might arise from a capricious or designing change in name and allows the court an opportunity, after hearing any testimony or objections, to determine if the name change is proper."

We also noted in *Paxson*, at footnote 3, that a non-oral hearing may be sufficient.

Appellant, in a hand-written, but still compelling, brief set forth the procedural requirements of R.C. 2717.01 and argued that he has met every requirement of the statute. We must agree.

The requirements are set forth at Revised Code Section 2717.01(A):

A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth that the applicant has been a bona fide resident of that county for at least one year prior to the filing of the application, the cause for which the change of name is sought, and the requested new name.

Notice of the application shall be given once by publication in a newspaper of general circulation in the county at least thirty days before the hearing on the application. The notice shall set forth the court in which the application was filed, the case number, and the date and time of the hearing.

Upon proof that proper notice was given and that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name.

The application is to be filed in the county in which the person resides. The application should set forth that the applicant has been a bona fide resident of the county for at least one year prior to the filing of the application. Research reveals little in the way of authority as to whether a prisoner is a resident of the county where he is incarcerated. McCormac advises us that when the party is an actual person, he should be held to reside where he maintains a place of abode. The term "resides" should be liberally construed and not confused with the more technical requirements for a "domicile". Thus, a person may have more than one

"residence" for the purpose of the civil rules. See McCormac, Ohio Civil Rules Practice (2d Ed.1992), Section 2.04. These comments discuss Civ.R. 3, while Civ.R. 73(B) specifically exclude the application of the general venue rules to proceedings in the probate court. However, his guidance is helpful in this matter.

Judge Stephenson, in *Paxson,* addressed this issue. There, a prisoner at the Southern Ohio Correctional Facility at Lucasville filed his name change application affirming that he was a resident of that Scioto County prison and had been for a year prior to filing. Subsequently, the prisoner was transferred to another prison in Richland County, and the Scioto County Probate Court dismissed his application.

However, we found in *Paxson* that, for the purposes of the statute, it was only necessary for the applicant to establish his *residence* in the county at the time he filed the application. (Emphasis added.) The statute did not require the applicant to continue as a resident of that county once such residence had been established. Paxson, though incarcerated, had established his residence, albeit involuntarily, in Scioto County for the purposes of the statute, and the trial court erred in dismissing his application when he was transferred. However, the error was harmless because Paxson also failed to publish the notice required by statute.

■ Here we find that appellant has complied with this second requirement, publication of notice of application. The docket clearly reflects publication of the statutory notice more than thirty days before the final hearing originally set for May 28, 1997. The record reflects that no one appeared at that hearing to oppose the proposed change of name, nor did anyone file any written objections to it.

■ The statute only requires that notice of the application be given *once.* The appellant was not required to publish a second notice. The June 3, 1998 journal entry does not refer, however, to any failure by the appellant to publish. Instead, it once again refers to the appellant's failure to appear at the scheduled hearing. The entry provides neither the appellant, nor this court, with any guidance as to why the trial court intended to, and eventually did, dismiss the application of the appellant.

The dismissal of the appellant's application refers to failure to comply with Revised Code Section 2717.01 without any elaboration as to specifically what the appellant failed to do in order to comply with the statute. It is even more troubling is that this failure by the court below places us in a posture that requires us to presume that the dismissal was on the merits and with prejudice. See Civ.R. 41(B)(1) and *Allstate Ins. Co. v. Rule* (1980), 64 Ohio St.2d 67, 69, 18 O.O.3d 299, 300, 413 N.E.2d 796, 798.

■ An incarcerated litigant has no absolute right to be present for civil litigation, *Drescher v. Summers* (1986), 30 Ohio App.3d 271, 30 OBR 469, 507 N.E.2d 1170. However, the trial court has many options it must explore before it may arbitrarily dismiss an action for failure of an incarcerated litigant to appear. *Laguta, supra.* This matter has been set for final hearing twice, and from the record it appears that no one has appeared, in any capacity, to oppose the appellant's petition for the requested name change. Further, it is not apparent from the record what purpose the appellant's personal presence would have served at the hearing, nor why the court below apparently deemed his presence an absolute necessity. Further, the lower court supplied no reason why it failed to utilize any of the available alternatives to an oral hearing in the courtroom of the Probate Court, as was suggested by Judge Abele in *Hall I.*

■ A Stark County Probate Judge stated the appropriate governing standard policy very succinctly in name change matters: "So long as there is no intent to defraud creditors or deceive others and the applicant has acted in good faith, then the [name change] petition should be granted." *In re Ladrach* (P.C.1987), 32 Ohio Misc.2d 6, 513 N.E.2d 828. We agree.

We once again reverse in this matter and remand it to the Ross County Probate Court for further proceedings inconsistent with the views expressed herein.

*Judgment reversed*
*and remanded.*

PETER B. ABELE, J., concurs separately.

KLINE, J., concurs separately.

PETER B. ABELE, Judge, concurring in judgment only.

R.C. 2717.01 requires a name change applicant to provide one notice by publication. It appears to me that in the case *sub judice,* the trial court dismissed appellant's name change application because after remand appellant failed to provide a second notice. I believe that the trial court erred in this regard. Thus, I agree with the principal opinion that the trial court's judgment of dismissal should be reversed and this cause remanded for further proceedings.

KLINE, Judge, concurring in judgment only.

I respectfully concur in judgement only. I agree with the majority that we must presume that the trial court dismissed this case with prejudice. However, I would have affirmed the trial court's dismissal if it had dismissed the case without prejudice.

I believe that the petitioner should appear in person before the court so that the court can better assess the petitioners credibility. The court must determine the reason the petitioner wants to change his name. The trial court must make sure that the petitioner does not intend to defraud his creditors or others and that he is acting in good faith. Thus, in my view, the trial court does not abuse its discretion when it requires the petitioner's presence.[1]

---

1. My position is not contra to footnote 3 in *In re Paxson* (June 30, 1992), Scioto App. No. 91CA2008, unreported, 1992 WL 154139, where Judge Stephenson indicated that a non-oral hearing *may* be sufficient. Under the abuse of discretion standard, the trial court has several options to choose from.