OPINION
This is an accelerated calendar case submitted on the record and the brief of appellant, Roger Juntunen ("Juntunen"). Juntunen appeals from the judgment of the Trumbull County Court of Common Pleas, Probate Division, entered on August 7, 2000. The court granted appellee, Deborah Wagner's ("Wagner"), petition to change the name of her minor child from Benjamin M. Juntunen to Benjamin M. Wagner. The trial court subsequently granted a stay of execution of the order pending this appeal. Wagner has not filed a brief in response to this appeal, nor has a brief been filed on behalf of the minor child, Benjamin M. Juntunen. This case has been consolidated with an identical appeal involving Benjamin's sister, Emily, for all purposes (case number 2000-T-0103).
Wagner and Juntunen were formerly married. Benjamin was born as issue of this marriage in 1987. He is currently fourteen years old. Wagner and Juntunen divorced, and in 1991, Wagner married one Mark Wagner, thereby becoming Mrs. Wagner. From that point forward, although the children's surnames were not legally changed, Wagner became their surname for all purposes. They were registered in school and church under the Wagner name, medical records are in that name, and they are known by that name. At the time this matter came for hearing at the trial court, the only records that remained identifying them as "Juntunen" were their social security cards and, presumably, birth certificates.
Benjamin testified at the hearing. He stated he had been using the Wagner name for as long as he could remember. He testified it would embarrass him to have a different name from his mother. He testified the name was part of his identity, and that he wished to continue to have the name Wagner, in spite of the fact that his mother was now divorcing Mark Wagner.
The application to change the name was originally filed in 1995, in conjunction with a petition by Mark Wagner to adopt the minor child. The petition for adoption was heavily litigated over a four-year period. In Inre Adoption of Benjamin Matthew Wagner (Jan. 17, 1997), Trumbull App. No. 95-T-5229, unreported, 1997 Ohio App. LEXIS 166, this court held that the adoption action could proceed without Juntunen's consent. In In reAdoption of Benjamin Matthew Wagner (June 30, 1999), Trumbull App. No. 97-T-0224, unreported, 1999 Ohio App. LEXIS 3097, this court reversed and remanded the trial court's approval of the adoption, primarily on the grounds that the trial court improperly limited Juntunen's presentation of evidence during what may be referred to as the "best interest of the child" phase of the proceedings.
Subsequently, in April 2000, the Wagners filed for a divorce. As a result of the divorce, the petition for adoption has been withdrawn, but the application for the name change, being a separate action, remained. As noted above, both Benjamin and his mother decided to proceed with the application in spite of the divorce.
Juntunen testified that he has tried to establish a relationship with his children, but that his efforts have been largely frustrated by Wagner, whom he claims has intentionally attempted to alienate him from the children. Wagner has previously denied Juntunen visitation, and has been found to have willfully done so by the domestic relations court. Juntunen has been forced to litigate the issue of visitation. There was also evidence that since 1997, Juntunen has maintained his child support payments. Prior to that, there was a period in which Juntunen had not attempted to maintain a relationship with his children, including a period in 1993-1994, during which the lack of involvement was so pronounced as to permit the lower court to rule in 1995, that the adoption proceeding could go forward without Juntunen's consent.Nevertheless, the evidence before the trial court seems to indicate a strong desire on the part of Juntunen to develop meaningful relationships with his children. However, the court found that "changing" the child's surname back to "Juntunen" would likely cause the child to resent his natural father, since the boy has always used the name "Wagner." From the judgment of the trial court granting the application for the legal name change to "Wagner," Juntunen timely filed his notice of appeal, assigning the following error:
 "The trial court erred, to the detriment of appellant, by ruling the name change requested was in the children's best interest."
 An appellate court may only reverse a trial court's decision regarding a name change application if the trial court abused its discretion. In re Hall (1999), 135 Ohio App.3d 1, 3. The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The Supreme Court of Ohio has held that "[w]hen deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established." In re Willhite
(1999), 85 Ohio St.3d 28, paragraph one of syllabus. In the second paragraph of the Willhite syllabus, the Supreme Court of Ohio set forth the factors a trial court should consider in making the best interest of the child determination in these cases. The factors are as follows:
 "[1.] [T]he effect of the change on the preservation and development of the child's relationship with each parent;
 "[2.] [T]he identification of the child as part of a family unit;
 "[3.] [T]he length of time that the child has used a surname;
 "[4.] [T]he preference of the child if the child is of sufficient maturity to express a meaningful preference;
 "[5.] [W]hether the child's surname is different from the surname of the child's residential parent;
 "[6.] [T]he embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's;
 "[7.] [P]arental failure to maintain contact with and support of the child;
 "[8.] [A]ny other factor relevant to the child's best interest."
 Upon consideration of the record and, in particular, the findings of the trial court as reflected in its judgment entry, we cannot conclude that the trial court abused its discretion in reaching its determination in this matter. Our review is limited to that narrow question. While we can sympathize with Juntunen, who clearly wishes his children to bear his surname, ample evidence was produced at the hearing to support the trial court's conclusion. We compliment and commend Juntunen for his efforts in trying to develop and maintain his relationships with his children, and only encourage him to continue along this line. However, the trial court, in reaching its judgment, has not committed error. Juntunen's assignment of error is without merit.
The judgment of the trial court is affirmed.
 ________________________________________ WILLIAM M. O'NEILL, PRESIDING JUDGE
NADER, J., GRENDELL, J., concur.