**EAST CLEVELAND, Appellee,**

v.

**TALLEY, Appellant.**

[Cite as *E. Cleveland v. Talley*, 151 Ohio App.3d 662, 2003-Ohio-753.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81376.

Decided Feb. 20, 2003.

</div>

Javitch, Block, Eisen & Rathbone and Charles E. Natkins, for appellee.

Mary Jacqueline Talley, pro se.

TIMOTHY E. MCMONAGLE, Administrative Judge.

{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of the parties. In this case, defendant-appellant, Mary Jacqueline Talley, appeals the decision of the trial court that granted summary judgment to plaintiff-appellee, city of East Cleveland, on its complaint for unpaid municipal taxes. For the reasons that follow, we affirm.

{¶ 2} The record reveals that appellant resides in the city of East Cleveland but works in the city of Brookpark. When appellant failed to pay municipal taxes to appellee, city of East Cleveland ("East Cleveland"), on the income she earned in Brookpark during 1996, 1997, and 1998, East Cleveland filed the instant action seeking to recover $2,867.99 in unpaid taxes.

{¶ 3} Both parties subsequently moved for summary judgment. Appellant claimed to be entitled to summary judgment on the basis that it was unconstitutional for East Cleveland to collect a tax on the income she earned in Brookpark. Relying on *Thompson v. Cincinnati* (1965), 2 Ohio St.2d 292, 31 O.O.2d 563, 208 N.E.2d 747, East Cleveland countered that appellant's double taxation argument is without merit. Appended to its motion was an affidavit of East Cleveland's Deputy Tax Administrator averring to the amount of unpaid taxes due and owing.

Appellant does not dispute the manner in which East Cleveland calculated this amount, only that the tax itself is unconstitutional. Moreover, it is undisputed that appellant did not pay the tax as calculated by East Cleveland.

{¶ 4} In its opinion granting summary judgment to East Cleveland and denying appellant similar relief, the trial court opined:

{¶ 5} "In the present case, as in *Thompson*, the taxpayer was a resident of one municipality who earned her income in another municipality. Under the authority of *Thompson*, [East Cleveland] was lawfully entitled to impose a tax on [appellant's] earned wages on the basis of her residency in the City of East Cleveland, regardless of the tax imposed on the same income by the City of Brookpark as the municipality where defendant's wages were earned."

{¶ 6} The trial court thereafter entered judgment in East Cleveland's favor in the amount of $2,867.99 plus interest since there was no dispute that the tax as calculated remained unpaid. Appellant is now before this court and assigns six errors for our review.

{¶ 7} It is well established that an appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; see, also, Civ.R. 56(C).

I

{¶ 8} In assignments of error one and five, appellant claims that the trial court erred when it relied on *Thompson v. Cincinnati*, 2 Ohio St.2d 292, 31 O.O.2d 563, 208 N.E.2d 747, in finding that there was no constitutional barrier to subjecting residents of one city to a tax on income earned in another city. In particular, appellant claims, in part, that the resident must work in both cities in order to be subject to taxation on income earned. We disagree.

{¶ 9} As stated by the Ohio Supreme Court in *Thompson v. Cincinnati*, supra, at paragraph four of the syllabus:

{¶ 10} "A resident of one municipal corporation who receives wages as a result of work and labor performed within another municipal corporation may be lawfully taxed on such wages by both municipal corporations. Sections 3 and 7, Article XVIII of the Ohio Constitution."

{¶ 11} In reaching this conclusion, the *Thompson* court opined that "the law provides that each municipality has a constitutional right to exercise the powers of local self-government, including the power to tax incomes, and that this power is restricted only by the General Assembly and not by the actions of other municipalities." Id. Nonetheless, the tax law imposed must bear some fiscal relation to the protections or other benefits given by the taxing authority. Quoting *Angell v. Toledo* (1950), 153 Ohio St. 179, 185, 91 N.E.2d 250, the *Thompson* court stated:

{¶ 12} " 'The municipality certainly does afford protection against fire, theft, et cetera, to the place of business of plaintiff's employer and the operation thereof without which plaintiff's employer could not as readily run its business and employ help. In other words, the city of Toledo does afford to plaintiff not only a place to work but a place to work protected by the municipal government of Toledo.' " Id., 2 Ohio St.2d at 298, 31 O.O.2d 563, 208 N.E.2d 747.

{¶ 13} The *Thompson* court reasoned that the complainant in that case was taxed by and received benefits from two municipalities. Consequently, "the burden of supplying the necessary revenue to maintain a municipality must rest on and be shared by those citizens who are provided with substantial benefits by the municipality." Id.

{¶ 14} The same is true in this case. Appellant receives not only benefits from the city wherein she earns her income but from her resident city as well. Contrary to appellant's position, *Thompson* does not require the individual to work in both cities in order to be subject to municipal tax on earned income.

{¶ 15} Appellant's first and fifth assignments of error are not well taken and are overruled.

## II

{¶ 16} In assignments of error two and four, appellant contends that recent amendments to R.C. Chapter 718 absolve her from paying income tax to East Cleveland. As best as can be ascertained from appellant's arguments, appellant contends that Sub.H.B. No. 477, 148 Ohio Laws, Part II, 5120, which amended several sections of R.C. Chapter 718, restricts East Cleveland's ability to collect tax on her income earned in Brookpark. Again, we disagree.

{¶ 17} While Sub.H.B. No. 477 modifies many sections within R.C. Chapter 718, none of the sections modified would restrict East Cleveland's ability to tax appellant's income earned in another city. Moreover, even if this legislation did have the impact desired by appellant, this legislation did not become effective until July 26, 2000, which is considerably after the liability for the tax years at issue in this case, namely, 1996, 1997, and 1998. Therefore, the trial court did not

err by failing to analyze whether appellant is absolved of municipal tax liability under Sub.H.B. No. 477, even if applicable.

## III

{¶ 18} Appellant contends in her third and sixth assignments of error that the municipal tax interferes with the state income tax or violates the Voters Rights Act. She offers no argument in support of this assignment of error as is required by App.R. 16(A)(7), and we can discern none from the context of her brief. Accordingly, we decline to address these assignments of error under App.R. 12(B).[1]

Judgment affirmed.

JAMES J. SWEENEY and DIANE KARPINSKI, JJ., concur.

---

1. Appellant failed to raise these arguments in the trial court and, as such, we would not consider them for the first time on appeal for this reason as well.