OPINION
{¶ 1} On April 13, 1998, appellants, Lee and Cynthia Huntsman, filed a complaint against appellees, Brian Lowery, Marion Lowery, Mary Mercer and Ralph Mercer, Jr., claiming adverse possession as to several lots, and trespass upon said lots. On August 12, 1998, this case was consolidated with another case appellants had filed against Mercer family members and others for trespass on the aforementioned lots.
 {¶ 2} A jury trial commenced on May 12, 1999. At the close of appellants' evidence, the trial court directed a verdict as to six of the lots, and appellants withdrew their claims of trespass. The jury found in favor of appellees on the adverse possession claims regarding the five remaining lots.
 {¶ 3} On June 4, 1999, appellees filed a motion for assessment of costs and attorney fees, frivolous conduct and Civ.R. 11 violations. An amended motion was filed on September 5, 2002. A final hearing was ultimately held on February 21, 2003. By judgment entries filed May 13, 2003, the trial court found in favor of appellees and ordered appellants and their attorney to pay sanctions totaling $11,650.00 plus court costs. Attorney for appellants was William Love. Attorney for appellees was Donald Miller.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred by ordering appellants and their counsel to pay sanctions, attorney fees, costs and expenses when appellees introduced no exhibits at the hearing."
 II {¶ 6} "The trial court erred by ordering payment of sanctions, attorney fees, costs and expenses on the adverse possession claims when there was ample evidence at trial as to all the land being claimed by appellants and their trespass claims."
 III {¶ 7} "The trial court erred by ordering sanctions, attorney fees, costs and expenses when there was no evidence presented of a willful violation of civil rule 11."
 IV {¶ 8} "The trial court erred and abused its discretion by ordering sanctions, attorney fees, costs and expenses to appelllees rather than granting appellees a judgment."
 V {¶ 9} "The trial court erred by ordering sanctions, attorney fees, costs and expenses when appellees couldn't differentiate between frivolous and non-frivolous hours and appellees couldn't show any additional expenses or fees as a direct, identifiable result of defending frivolous conduct in particular."
 {¶ 10} Appellants' appeal attacks the trial court's determination of sanctions, attorney fees, costs and expenses following a jury trial. In Sain v. Roo, Franklin App. No. 01AP-360, 2001-Ohio-1415, our brethren from the Tenth District discussed the appellate standard of review as follows:
 {¶ 11} "R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. `Frivolous conduct,' as defined in R.C.2323.51(A)(2)(a)(ii), includes conduct that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. As we found in Wiltberger v. Davis (1996),110 Ohio App.3d 46, no single standard of review applies in R.C. 2323.51 cases, and the inquiry necessarily must be one of mixed questions of law and fact. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers (1995),104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52. Further, R.C. 2323.51
employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv., Inc. (2000),140 Ohio App.3d 713."
 {¶ 12} Civ.R. 11 governs the signing of motions, pleadings and other documents and states as follows in pertinent part:
 {¶ 13} "The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney orpro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
 I {¶ 14} Appellants claim the trial court erred in awarding sanctions, attorney fees, costs and expenses when no exhibits were presented at the hearing.[1] We disagree.
 {¶ 15} Attorney Miller's time records were filed and attached as an exhibit to the September 5, 2002 amended motion for fees. A hearing was held on February 21, 2003. Attorney Stan Rubin testified as an expert and offered his opinion based upon the exhibit from the amended motion. February 21, 2003 T. at 6-9. Attorney Love cross-examined Attorney Rubin on these records. Id. at 14-17. Also, Attorney Miller testified to the hours billed which was subjected to cross-examination. Id. at 63-64, 67-70.
 {¶ 16} Because there was sufficient testimony as to the amount of billable hours, and given the fact the time records were attached to a pleading and cross-examined by opposing counsel, we do not find it was error to award fees despite the lack of a marked exhibit.
 {¶ 17} Assignment of Error I is denied.
 II, III, IV, V {¶ 18} Appellants claim the trial court's determination on sanctions, attorney fees, costs and expenses is not supported by the record. We disagree.
 {¶ 19} As we previously stated, our standard of review is abuse of discretion. This lessened standard is predicated upon the fact that as the trier of the case, the trial court has a superior view of the evidence, preparation and conduct of the attorneys and the merits of the case. The jury verdict sub judice resulted in a draw; neither side was entitled to recover, and appellants' claims for adverse possession were unproven. We note not every jury verdict where one side loses should result in an award of sanctions, fees and costs.
 {¶ 20} Appellants argue there was "ample" evidence to sustain a prima facie case of adverse possession, and there was no frivolous conduct by their trial counsel. In its judgment entry of May 13, 2003, the trial court specifically found the following:
 {¶ 21} "I find the allegations of adverse possession in regards to Lots No. 260, 261, 262, 272, 273 and 314 were frivolous conduct. Again, I find that these allegations were neither warranted under existing law nor supported by a good faith argument for extension, modification or reversal of existing law. Pisaneck, 62 Ohio App.3d 757.
 {¶ 22} "There was no evidence that these lots were ever subjected to the use or occupation of the Plaintiffs. There was no pre-trial discovery, either depositions or interrogatories, that would have justified the prosecution of an adverse possession claim against these three lots. I find that the Defendants incurred unnecessary expenses in surveying and defending these allegations.
 {¶ 23} "I find Lee and Cynthia Huntsman responsible for providing their counsel with unsubstantiated facts upon which the allegations of adverse possession were based. I find, however, that the decision to continue to prosecute these claims without sufficient evidentiary basis rests entirely with Attorney Love."
 {¶ 24} The evidence at trial did not rise to the level required in adverse possession claims. In Grace v. Koch,81 Ohio St.3d 577, 1998-Ohio-607, syllabus, the Supreme Court of Ohio explained "adverse possession" as "(1) acquisition of title by adverse possession requires party to prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for period of 21 years."
 {¶ 25} Evidence was presented of using the "woods up there" or "always thought" appellants owned it, with no evidence relating to location or amount of time. T. at 117-118, 120-124, 143-151, 263-265. There was evidence appellees' lane was used by appellants as a garden without any determination of ownership, but this garden did not encompass all the lands claimed by adverse possession, and its use was not adverse. T. at 203, 212, 217.
 {¶ 26} Appellees protested appellants' use of their property as testified to by appellants. T. at 282-283, 286-290, 384-385. Ms. Huntsman's testimony as to possession for twenty-one years was of scattered property on appellees' land T. at 292. No permanent use was made of the lands within twenty-one years. T. at 380-381. In 1980, appellants asked Ralph and Hester Mercer if they could use the lands and permission was granted. T. at 406-407.
 {¶ 27} The substance of appellants' case failed to establish the requisite number of years for adverse possession. Further, by asking for permission to use the lands, the use of it as adverse was interrupted. All of these facts were clearly demonstrated in the depositions and admissions of appellants.
 {¶ 28} All of these issues should have been clear to Attorney Love prior to trial. Further, it is also clear appellants and Attorney Love failed to pursue discovery or reply to requests for discovery. See, October 14, 1998 Motion to Compel and October 19, 1998 Judgment Entry.
 {¶ 29} Lastly, appellants argue the evidence does not support the amount of fees attributable to the sanctionable conduct.
 {¶ 30} We find the testimony of Attorney Rubin and Attorney Miller to be sufficient to establish that half of the defense of the case was predicated on the adverse possession claim as opposed to the other claims.
 {¶ 31} Upon review, we find the trial court did not err in its award to appellees as against appellants for sanctions, attorney fees, costs and expenses.
 {¶ 32} Assignments of Error II, III, IV and V are denied.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J., concur.
[1] We note at a previous hearing held on September 28, 2001, Attorney Miller's time records were marked as an exhibit; however, Attorney Love was not notified of the hearing and as a result, this court reversed the matter for new hearing. See,Huntsman, et al. v. Lowery, et al., Stark App. No. 2001CA00369, 2002-Ohio-3948.