OPINION
{¶ 1} Michael Sean Whitacre ("Whitacre") appeals the April 8, 2003 judgment entry of the Portage County Court of Common Pleas, Probate Division, denying his application for name change. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} In 2001, Whitacre pleaded guilty to gross sexual imposition. After a sentencing/sexual predator hearing was held, Whitacre was found to be a sexually oriented offender and was sentenced to three years of imprisonment.
 {¶ 3} On January 28, 2003, and while still incarcerated, Whitacre filed an application for name change in the Portage County Court of Common Pleas, Probate Division. Whitacre stated his reasons in his application as follows:
 {¶ 4} "I Micahel [sic] Sean Whitacre hereby request[s] the court to change my name due to the following reasons. First and foremost I'am [sic] currently an inmate of the Ohio prison system and wish to have my name changed prior to my release from prison and would like to have my new name established prior to my release. My goal is to start over and begin a new and better life for myself, by first changing my name and then leading a productive lifestyle. Further more [sic] I ask the court to change my last name due to the fact that I'am [sic] a homosexual and wish to have the last name of my life long partner. For theses reasons and for good cause shown the court should grant my request to have my name legally changed from: Michael Sean Whitacre to: Sean Michael Suarez."
 {¶ 5} On February 13, 2003, Whitacre moved to be transported from the prison in which he is incarcerated to the trial court for a hearing on the matter. The trial court denied the motion. On March 14, 2003, Whitacre moved to have the trial court conduct a telephonic hearing. The trial court denied the motion.
 {¶ 6} The trial court conducted a hearing on the matter without Whitacre on April 3, 2003. The prosecutor's office argued against the proposed name change. The prosecutor's office presented Whitacre's conviction, sentence, sexual oriented offender designation and the accompanying registration requirements. On April 8, 2003, the trial court denied Whitacre's application. In so denying, the trial court "considered the statements of [the prosecutor's office] and the pleading of Mr. Whitacre * * * [and could] not find that there is reasonable and proper cause for changing the name of Michael Sean [Whitacre]."
 {¶ 7} Whitacre timely appealed and raises the following assignments of error:
 {¶ 8} "1. The probate court erred in failing to permitt [sic] Mr. Whitacre from appropriately presenting his case before the court by denying said motions.
 {¶ 9} "2. The probate court erred in failing to grant name change petition when the applicant acted in good faith without the intent to deceive or defraud the public.
 {¶ 10} "3. The probate court erred in failing to grant name change petition with sufficient cause.
 {¶ 11} "4. The probate court erred in failing to grant name change petition by abusing its discretion."
 {¶ 12} In his first assignment of error, Whitacre claims that the trial court erred in denying his motion for transportation from prison to the trial court and his motion to hold a telephonic hearing. However, Whitacre fails to set forth anyarguments in his brief to support his first assignment of error.Rather, Whitacre confines his arguments to the trial court'sdecision denying his application for name change. Thus, sinceWhitacre fails to support this assignment of error as required byApp.R. 16(A)(7), "we decline to address [this] assignment oferror under App.R. 12(B)." E. Cleveland v. Talley,151 Ohio App.3d 662, 2003-Ohio-753, at ¶ 18; see, also, Beek v. UnitedOhio Ins. Co., 147 Ohio App.3d 302, 2001-Ohio-4365, at ¶¶ 12-16;Wightman v. Consol. Rail Corp. (1994), 94 Ohio App.3d 389, 404(citations omitted).
 {¶ 13} Since the remaining three assignments of errorchallenge the trial court's decision to deny Whitacre'sapplication for name change, in the interests of judicialeconomy, they will be considered together. Whitacre argues that,since his application was filed in good faith without the intentto deceive or defraud the public, the trial court erred in notgranting the requested name change.
{¶ 14} "A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth * * * the cause for which the change of name is sought, and the requested new name." R.C. 2717.01(A). The applicant must provide notice of the proposed name change "in a newspaper of general circulation in the county at least thirty days before the hearing on the application." Id. The trial court "may order the change of name" if the "proper notice was given and * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." Id. (emphasis added).
{¶ 15} A trial court's decision denying or granting a name change will not be overturned absent an abuse of discretion. Inre Hall (1999), 135 Ohio App.3d 1, 3. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169
(citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164, 222
(citation omitted).
{¶ 16} In this case, in light of Whitacre's responsibility toregister as a sexually oriented offender for ten years after hisrelease from prison, see R.C. 2950.04(A)(1) and 2950.07(B)(3),and one of Whitacre's stated purposes for seeking a name change,i.e. "to start over and begin a new and better life for myself,"the trial court found that there was not reasonable or propercause to grant Whitacre's requested name change. Since there isno statutory requirement that an offender who is required toregister as a sexually oriented offender notify the state of aname change, R.C. 2950.03(A); cf. Cal.Civ. Code 1279.5(d)(requiring a sexually oriented offender to notify the chief ofpolice where domiciled of any name change), granting Whiteace'sname change could potentially impede the purposes of theregistration requirement, i.e. to "provide adequate notice andinformation about offenders," R.C. 2950.02(A)(1), and "to protectthe safety and general welfare of the people of this state." R.C.2950.02(B). Moreover, Whitacre's stated purpose intimates hisdesire to evade being identified with his past criminal history.Thus, we cannot find that the trial court's decision wasunreasonable, arbitrary or unconscionable.
{¶ 17} In support of his claim, Whitacre cites to In reBicknell, 96 Ohio St.3d 76, 2002-Ohio-3615, wherein the Supreme Court of Ohio overruled the trial court's decision denying an application for name change. The Court found that, since the "only stated purpose for changing their names is to carry the same surname to demonstrate their level of commitment to each other," the name change applications were reasonable and proper. Id. at ¶¶ 14-18. The facts in this case are clearly distinguishable. Although Whitacre states a similar purpose for the name change, his other stated purpose is "to start over and begin a new and better life for myself." Moreover, unlikeBicknell, Whitacre is required to register as a sexually oriented offender for ten years. Thus, since, as discussed above, granting a name change to Whitacre could frustrate the purposes of the sexual oriented offender registration requirement and since Whitacre's stated purpose intimates his intention to avoid being identified with his past criminal history, Bicknell is not applicable to the case sub judice.
{¶ 18} Whitacre's second, third and fourth assignments oferror are without merit.
 {¶ 19} For the foregoing reasons, we hold that Whitacre'sassignments of error are without merit. The decision of thePortage County Court of Common Pleas, Probate Division, isaffirmed.
 Ford, P.J., Rice, J., concur.