JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, John T.E. Talley, Mary Jacqueline Talley and Loran E. Hilson, appeal the trial court's judgment granting the motion for summary judgment of defendant-appellee, the city of East Cleveland. For the reasons that follow, we affirm.
 {¶ 2} In their complaint against the city of East Cleveland, appellants claimed that income taxes collected from them by the City were illegal and unconstitutional. Appellants filed a motion for summary judgment on the basis of their claim of the illegality and unconstitutionality of the taxes. The City filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and/or for summary judgment. In its motion, the City argued that its imposition of a municipal income tax was constitutional and that appellants' claims were barred by the doctrines of res judicata and collateral estoppel. The trial court agreed and granted the City's motion on both grounds. This appeal follows.
 {¶ 3} When ruling on a motion to dismiss pursuant to Civ.R.12(B)(6), the trial court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753. Dismissal, pursuant to Civ.R. 12(B)(6), is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144, 573 N.E.2d 1063.
 {¶ 4} In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285,620 N.E.2d 935. A motion under Civ.R. 12(B)(6) must be judged on the face of the complaint alone. State ex rel. Findlay Publishing Co. v.Schroeder (1996), 76 Ohio St.3d 580, 581, 1996-Ohio-361, 669 N.E.2d 835.
 {¶ 5} In regard to the trial court's granting a motion for summary judgment, we review de novo, using the same standard as the trial judge. That standard requires granting the motion if there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Bonacorsi v. Wheeling Lake Erie Ry. Co.,95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707. All doubts must be resolved against the moving party. Osborne v. Lyles (1992), 63 Ohio St.3d 326,333, 587 N.E.2d 825.
 {¶ 6} In Ohio, res judicata encompasses both estoppel by judgment and collateral estoppel. State ex rel. Kirby v. S.G. Loewendick Sons,Inc. (1992), 64 Ohio St.3d 433, 437, 596 N.E.2d 460, 463. Estoppel by judgment prevents a party from relitigating the same cause of action after a final judgment has been rendered on the merits as to that party.Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062. Collateral estoppel prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a previous suit. Thompson v. Wing (1994), 70 Ohio St.3d 176, 183,637 N.E.2d 917, 923.
 {¶ 7} "'The main legal thread which runs throughout the determination of the applicability of res judicata, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be heard in the due process sense.'" Broz v.Winland (1994), 68 Ohio St.3d 521, 523, 629 N.E.2d 395, 397, quotingGoodson v. McDonough Power Equip, Inc. (1983), 2 Ohio St.3d 193,200-201, 443 N.E.2d 978, 985.
 {¶ 8} The issues appellants raised in their complaint have been litigated in several prior cases. Specifically, appellants filed the same type of claims and arguments in Hilson v. East Cleveland, trial court number CV-515170. The City filed a motion for summary judgment based upon both the constitutionality of the ordinance allowing it to collect income taxes and upon res judicata.[1] The trial court granted the City's motion.
 {¶ 9} The record also reveals that appellant Mary Jacqueline Talley challenged the constitutionality of the City's municipal income tax ordinance in East Cleveland v. Talley, trial court number CV-423673. The trial court granted the City's motion for summary judgment and Mary Jacqueline appealed. This court upheld the constitutionality of the City's ordinance.[2] East Cleveland v. Talley, 151 Ohio App.3d 662,2003-Ohio-753, 785 N.E.2d 498.
 {¶ 10} Moreover, in yet another action, appellant Loran Hilson challenged the constitutionality of the City's income tax ordinance via a motion for summary judgment. East Cleveland v. Hilson, trial court number CV-452258. The trial court denied Hilson's motion and granted the City's motion for summary judgment.
 {¶ 11} Appellants attempted in this case to relitigate the same issues by seeking to have the prior judgments against them reversed. Res judicata and collateral estoppel precluded them from attempting to litigate these issues again. Thus, the trial court properly granted the City's motion to dismiss and/or for summary judgment.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P. J., and MICHAEL J. CORRIGAN, J.*, CONCUR
(*Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.) supra, the City's ordinance is constitutional.
[1] Attached to appellant's complaint in that case was a list of cases from municipal courts (Cleveland and East Cleveland) and the Cuyahoga County Common Pleas Court (Case No. CV-452258 and Case No. CV-423673), wherein judgments were rendered against them for income taxes they owed to the City.
[2] For the same reasons already articulated by this court in EastCleveland v. Talley, supra, the City's ordinance is constitutional.