[Cite as *In re Millhouse*, 2024-Ohio-1187.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

|  |  |  |
|---|---|---|
| | : | |
| IN THE MATTER OF THE | : | Case No. 23CA31 |
| NAME CHANGE OF: | : | |
| | | |
| JUSTIN D. MILLHOUSE, II | : | DECISION & JUDGMENT ENTRY |

_____

APPEARANCES:

Justin D. Millhouse, II, Chillicothe, Ohio, pro se.
_____
CIVIL CASE FROM COMMON PLEAS COURT, PROBATE DIVISION
DATE JOURNALIZED:3-26-24
ABELE, J.

{¶1} This is an appeal from a Ross County Common Pleas Court, Probate Division, judgment that denied an application for change of name filed by Justin D. Millhouse, II, appellant herein.

{¶2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT BASED THE DENIAL ON ORC 2717.01 APPELLANT CANNOT LEGALLY COMPLETE THE CHANGE OF NAME APPLICATION WITHOUT COMMITTING PERJURY. THE APPLICATION ASK THAT THE APPLICANT ADMIT SHE DOESN'T HAVE A DUTY TO REGISTER WHEN IN FACT SHE DOES UPON RELEASE FROM PRISON. FACT IS APPELLANT ISN'T ASKING FOR A CHANGE OF NAME

BUT AN ADDITION TO HER IDENTITY DOCUMENT UNDER HER COMMON LAW NAME OF ALEXIS SZANDORA MILLHOUSE, OHIO DOES HAVE AN OPTION FOR A COMMON LAW NAME CHANGE. 'AT COMMON LAW A PERSON CAN CHANGE HER NAME AT WILL [ONLY] *IF THERE IS NO INTENT TO DECEIVE OR DEFRAUD.'"* [sic]

SECOND ASSIGNMENT OF ERROR:

"TRIAL COURT ABUSED ITS DISCRETION WHEN IT DIDN'T ATTEMPT TO ACKNOWLEDGE THIS WASN'T A NAME CHANGE PURSUANT TO 2717.01 BUT A COMMON LAW NAME ADDITION TO HER IDENTIFICATION DOCUMENTS SO HER NAME IS CONGRUENT WITH HER LEGAL GENDER.  THE APPELLANT IS LEGALLY FEMALE WITH A MALE NAME AND UPON RELEASE FROM PRISON WILL BE SUBJECTED TO MANY INSTANCES WHERE HER GENDER AND NAME WILL BE BROUGHT UP AND IF HER GENDER WASN'T A PROBLEM TO BE CORRECTED WHY SHOULDN'T HER NAME ALSO BE CONGRUENT TO AVOID DISCRIMINATION?" [SIC]

THIRD ASSIGNMENT OF ERROR:

"TRIAL COURT ERRED WHEN IT STATED THEY DON'T HAVE JURISDICTION FOR THIS MATTER.  THE PROBATE COURT HAS ALSO STATED 'IN ANY EVENT R.C. 2101.24 DOES NOT GRANT PROBATE COURT JURISDICTION TO CONSIDER A 'MOTION FOR COMMON LAW NAME CHANGE RECOGNITION.'  THE PROBLEM WITH THIS IS 2717.04 SAYS 'A PERSON DESIRING TO CONFORM THE PERSON'S LEGAL NAME ON AN OFFICIAL IDENTITY DOCUMENT MAY FILE AN APPLICATION IN THE PROBATE COURT OF THE COUNTY IN WHICH THE PERSON RESIDES.'  SO APPELLANT WOULD STATE THAT THE PROBATE COURT OF ROSS COUNTY DOES HAVE JURISDICTION BECAUSE CHILLICOTHE OF ROSS COUNTY IS WHERE THE APPELLANT HAS RESIDED FOR THE LAST 7 YEARS." [SIC]

{¶3} On November 20, 2023, appellant filed an application to change his name in the probate court. Subsequently, the court denied appellant's application. In its judgment entry, the court pointed out that (1) appellant failed to follow the applicable statutory procedure set forth in the Ohio Revised Code; (2) R.C. 2101.24 does not give a probate court the authority to consider a request for change of name pursuant to "common law"; and (3) appellant is not, at the present time, eligible for a change of name in view of the rationale set forth in *In re Blevins*, 4th Dist. Ross No. 22CA7, 2022-Ohio-4812.

{¶4} Because appellant's assignments of error raise related issues, we will consider them together. Appellant appears to acknowledge that the application asks the applicant to "admit that she doesn't have a duty to register when in fact she does upon release from prison." Appellant also maintains that she does not seek a R.C. 2717.01 change of name, but rather a "common law name addition to her identification documents so her name is congruent with her legal gender." Appellant also appears to argue that the trial court denied appellant's application due to a residency issue.

{¶5} For decisions that involve applications to change a name, reviewing courts will not generally disturb a trial

court's decision to deny or to grant a name change absent an abuse of discretion. *In re Hall*, 135 Ohio App.3d 1, 3, 732 N.E.2d 1004 (4th Dist.1999). "'[A]buse of discretion' [means] an 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67. "An abuse of discretion includes a situation in which a trial court did not engage in a '"sound reasoning process."'" *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). The abuse of discretion standard is a deferential standard and does not permit an appellate court to simply substitute its judgment for that of the trial court.

{¶6} This court has previously addressed change of name cases. In *Blevins*, at ¶ 10 and 11, this court wrote:

> With respect to a change of name, a court may order the change "upon proof that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." R.C. 2717.09; *In re Willhite*, 85 Ohio St.3d 28, 30, 706 N.E.2d 778 (1999). As a general matter, changing an applicant's name is reasonable and proper "if the request is not intended to interfere with the rights of others, nor to confuse or mislead the public." *In re Name Change of Handley*, 107 Ohio Misc.2d 24, 27, 736 N.E.2d 125 (P.C.2000), citing *Marshall v. Florida*, 301 So.2d 477, 477-478 (Fla.App.1974). "Furthermore, an application will be

deemed reasonable and proper if the application does not violate any other overriding public policy considerations." *Id.*, citing *In re Application of Novogorodskaya*, 104 Misc.2d 1006, 1007, 429 N.Y.S.2d 387 (1980). Courts also should consider whether an applicant's name change will carry a "potential for fraud, particularly where it could lead to financial abuse or misrepresentation in society." *In re Change of Name of DeWeese*, 148 Ohio App.3d 201, 2002-Ohio-2867, 772 N.E.2d 692, ¶ 8 (3rd Dist.).

In the case sub judice, after our review we do not believe that the trial court's judgment to overrule appellant's application to change his name constitutes an abuse of discretion. Here, the trial court reasonably could have determined that changing appellant's name, while he remains imprisoned with a possibility of parole in 2023, would adversely affect the rights of others. In particular, the court reasoned that the change of appellant's name would adversely affect the rights of the victim's family and friends and would adversely affect the Adult Parole Authority's ability to monitor appellant upon his release from prison. The court also believed that a grant of appellant's application would contravene the state's public policy interest to protect and promote victim's rights. We find nothing in the trial court's decision to suggest that its decision is unreasonable, arbitrary or unconscionable. Rather, the court considered the pertinent facts and circumstances and determined that to allow appellant to change his name would be inconsistent with the state's public policy interests. *See In re Whitacre*, 11th Dist. Portage No. 2003-P-0051, 2004-Ohio-2926, ¶ 17 ("granting a name change to Whitacre could frustrate the purposes of the sexual oriented offender registration requirement" and "Whitacre's stated purpose intimates his intention to avoid being identified with his past criminal history").

{¶7} In the case sub judice, it appears that appellant is currently serving a lengthy prison sentence for multiple felony criminal convictions in a state penal institution. We observe that the probate court did not deny appellant's application due

to any question about the county of appellant's residence, but, instead the court denied appellant's application because of the authority set forth in *Blevins* and because appellant did not comply with the applicable statutory procedure.

**{¶8}** In Ohio, R.C. 2717.01 et seq. sets forth the procedure to use when a person desires to change their name. The statutes provide that a person may file an application in the probate court of the county of their residence. Appellant asserts, however, he cannot use this procedure because, inter alia, the registration requirement applies to offenders who have committed certain felony offenses. Thus, appellant argues that the probate court should instead grant his application under principles of "common law."

**{¶9}** In general, our common law system, based upon the development in the courts of England from the middle ages, uses generally accepted customs and principles and relies on the body of prior judicial decisions for precedents to guide the adjudication of controversies with a similar subject. Statutory law, on the other hand, relies on the legislative process when elected representatives speak to specific topics. When statutes and case law conflict, courts should generally follow the language of a statute.

{¶10} In Ohio, many areas of common law are recognized.  One area of common law formerly recognized involved common law marriage.  Until 1991, with the enactment of R.C. 3105.12, Ohio fully recognized the marriage between two parties who simply held themselves out in the community as married.  Consequently, the state did not require a licensing component, a solemnization component or a registration requirement.  However, in 1991 the General Assembly abolished common law marriage for any relationship entered into after October 10, 1991.  From that date forward, Ohio marriages must comply with the applicable Revised Code provisions.  Examples of other areas of common law include, inter alia, the evolution of the law of negligence and various real and personal property concepts.

{¶11} With regard to name changes, some Ohio case authority does provide that an Ohio resident may change their name without availing oneself of the statutory procedure if the change is not done so for a fraudulent purpose and does not infringe on the rights of others.  The Third District wrote in *In Re DeWeese*, 148 Ohio App.3d 201, 2002-Ohio-2867 at paragraph 2:

> "Ohio has traditionally recognized two ways in which a person may accomplish a name change.  First, absent an intent to commit fraud, a person may change his name at common law by simply adopting another name.  *Pierce v. Brushart* (1950), 153 Ohio St. 372; *Dennis v. Ford Motor Co.* (1997), 121 Ohio App.3d 318.  Second, a person may

obtain a statutory name change pursuant to R.C. 2717.01. At least one appellate court has held that the statutory name change procedures are in addition to the common-law method and do not abrogate it. *State ex rel. Robinson v. Clark* (1994), 91 Ohio App.3d 627, 629."

**{¶12}** Nevertheless, to invoke the authority of a probate court an applicant must comply with all requirements set forth in the Ohio Revised Code. Here, a probate court does not possess the ability or the authority to wander beyond the statutory provisions to create the type of relief that appellant seeks. Thus, in the case sub judice, the probate court's judgment does not constitute an abuse of discretion and the court properly denied appellant's application.

**{¶13}** Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the probate court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                    Peter B. Abele, Judge

ROSS, 23CA31

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.