Dukes et al., Appellants, *v.* Cole, Appellee.

(No. 3769 — Decided April 17, 1985.)

*Gregory A. White,* prosecuting attorney, for appellants.

*David A. McGee,* for appellee.

George, P.J. Plaintiffs, Charlie Mae Dukes and Marquise C. Dukes, appeal the judgment of the juvenile court dismissing their complaint in a paternity proceeding. This court reverses that judgment.

On December 9, 1983, the Prosecuting Attorney of Lorain County filed a complaint on behalf of Charlie Mae Dukes and her son, Marquise C. Dukes, to establish that the defendant, Willie Cole, is the father of Marquise. On March 30, 1984, the trial court granted Willie's motion for the parties to submit to genetic testing. The testing was scheduled for May 1, 1984, at 9:00 a.m. Willie arrived on time. He waited until 9:10 and then left because Charlie Mae and Marquise failed to appear. The prosecutor's office rescheduled the test for August 28, 1984. On August 9, 1984, Willie filed a motion to dismiss the complaint due to the plaintiffs' failure to appear for the test. On September 4, 1984, the trial court dismissed the case with prejudice. The plaintiffs appeal from this judgment, raising the following assignment of error:

"The order of the lower court, in dismissing appellants' complaint for tardiness in arriving at a blood testing appointment was improper in that a less drastic corrective measure would have been adequate."

Pursuant to Civ. R. 41(B)(1), it is within the discretion of the trial court to dismiss a case when the plaintiff fails to comply with an order of the court. That decision will not be reversed on appeal unless the trial court abused its discretion. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. Guidelines under the Federal Rules of Civil Procedure for determining whether dismissal is appropriate were set forth in *Connolly* v. *Papachristid Shipping Ltd.* (C.A. 5, 1974), 504 F. 2d 917, as follows:

"* * * In general, the test is whether there is 'a clear record of delay or contumacious conduct by the plaintiff,' *Durham* v. *Florida East Coast Railway Co., supra,* 385 F.2d at 368, and whether 'lesser sanctions would not serve the best interest of justice.' *Pond* v. *Braniff Airways, Inc., supra,* 453 F.2d at 349; *Brown* v. *Thompson, supra,*

430 F. 2d at 1215. In general, this Court has made it clear that lesser sanctions normally will suffice, and except in the most 'flagrant circumstances,' *Flaska* v. *Little River Marine Construction Co., supra,* 389 F. 2d at 888, the trial court ought not to resort to sanctions which deprives [*sic*] the litigant of his opportunity to pursue his claim. *Woodham* v. *American Cystoscope Co. of Pelham,* 335 F. 2d 551 (5th Cir. 1964); *Council of Federated Organizations* v. *Mize,* 339 F. 2d 898 (5th Cir. 1964)."

In this case, the complaint concerns a paternity proceeding. In *Edwards* v. *Sadusky* (1982), 4 Ohio App. 3d 297, at 299, this court stated that the purpose of a paternity proceeding is to:

"* * * compel the father of an illegitimate child to bear the expenses of childbirth and child support so that the mother will not be solely responsible for that support and so that the child will not be a financial burden on the state. See *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186 [20 O.O.3d 196], *State, ex rel. Gill,* v. *Volz* (1951), 156 Ohio St. 60 [45 O.O. 63]. * * *"

It is clear that the mother, the child, and the state have a significant interest in this proceeding. The conduct which resulted in dismissal was Charlie Mae's failure to timely appear with Marquise at the testing center. There was no showing that her delay was intentional. Further, this is conduct which neither the state nor Marquise could control. To penalize the state and Marquise for Charlie Mae's conduct is unjust. Finally, there are other sanctions that would have been more appropriate. The trial court could have found Charlie Mae in contempt of court and have her pay the cost of the testing. The tests could then be rescheduled.

In *Pembaur* v. *Leis, supra,* at 92, the Ohio Supreme Court recognized that disposition of a case on its merits is favored, and that dismissal with prejudice is a harsh sanction. Here, there was no showing that Charlie Mae's delay was intentional. Further, other sanctions for violating the court order were more appropriate. Accordingly, this court finds that the dismissal of the complaint with prejudice constituted an abuse of discretion.

In support of the trial court's order, Willie argues that the parties had agreed to dismiss the complaint with prejudice if the plaintiffs failed to appear for testing. This was allegedly based on the statements made by the assistant prosecutor at a pre-trial conference. At the hearing on Willie's motion to dismiss, his attorney explained the agreement as follows:

"Now, in the pre-trial conference that Mr. Cole and I had with Mr. Anderson, the question was asked of Mr. Anderson, 'What happens if the plaintiff[s], Charlie Mae Dukes and Marquise Dukes don't take this test?' Mr. Anderson told us if they did not take the test, the case would be automatically dismissed."

Based on this language, the prosecutor was merely stating that if the plaintiffs refused to take the test, the case would be dismissed. The record reveals that the plaintiffs are willing to take this test. As such, Willie's argument has no merit.

Accordingly, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed
and case remanded.*

MAHONEY and QUILLIN, JJ., concur.