LAGUTA, APPELLANT, *v.*
SERIEKO, D.B.A. PHOENIX
AUTO SALES, APPELLEE.

(No. 13443—Decided June 8, 1988.)

*George A. Laguta, pro se.*
*James M. Gatskie,* for appellee.

QUILLIN, J. Plaintiff-appellant, George Laguta, an inmate at the Marion Correctional Institution, acting *pro se,* sued defendant-appellee, John Serieko, for breach of an alleged partnership agreement. The trial court notified Laguta that a pretrial hearing, in accordance with Loc. R. 8 of the Court of Common Pleas of Summit County, General Division, would be held in eleven days and that "[f]ailure to attend the pretrial conference may result in sanctions being imposed, including adverse judgment for failure to prosecute or defend." Laguta filed an affidavit of indigency and a motion to be transported to the courthouse for the pretrial conference. As expected, Laguta failed to appear at the pretrial conference and the court dismissed his action with prejudice for failure to prosecute. Civ. R. 41(B)(1). Laguta appeals.

On appeal, Laguta contests the trial court's dismissal with prejudice for failure to prosecute. We hold that the trial court abused its discretion in imposing the severest of all sanctions, dismissal with prejudice, without first considering other alternatives which would lead to a resolution on the merits.

It is within the inherent powers of the court to dismiss an action *sua sponte* for failure to prosecute. *Link* v. *Wabash RR. Co.* (1962), 370 U.S. 626. Pursuant to Civ. R. 41(B)(1), notice of the intended dismissal must be given to the plaintiff. *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 7 OBR 256, 454 N.E. 2d 951; *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89, 1 OBR 125, 437 N.E. 2d 1199. Such notice permits the plaintiff an "opportunity to comply with the order, correct the defect, or proceed before dismissal * * *." *Perotti, supra,* at 3, 7 OBR at 257, 454 N.E. 2d at 952. Here, Laguta asked to be transported

to the courthouse to comply with the notice.

In situations where, as here, the plaintiff is unrepresented by counsel and incarcerated, the federal courts have ruled that trial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits. *Poole* v. *Lambert* (C.A. 11, 1987), 819 F. 2d 1025; *Palmer* v. *Decatur* (C.A. 7, 1987), 814 F. 2d 426; *Reynolds* v. *Foree* (C.A. 8, 1985), 771 F. 2d 1179; *Sisk* v. *United States* (C.A. 7, 1985), 756 F. 2d 497; *Holt* v. *Pitts* (C.A. 6, 1980), 619 F. 2d 558; *Heidelberg* v. *Hammer* (C.A. 7, 1978), 577 F. 2d 429. If the risks and expense involved in transporting the prisoner to the courthouse are prohibitive, these courts have suggested a number of other alternatives to dismissal including a bench trial in the prison, trial by depositions, appointment of *pro bono* counsel to assist the plaintiff, postponement of proceeding if the plaintiff's release is imminent, or dismissal without prejudice leaving open the possibility of the plaintiff's refiling his case at a later date.

We too recognize that civil actions filed by *pro se* prisoners provide peculiar problems to our already overburdened trial courts. We therefore borrow from our federal counterpart in urging trial courts to be "imaginative and innovative" in dealing with such cases. *Poole, supra,* at 1029. It must always be kept in mind that the main objective of justice is to decide cases on their merits. See *Perotti, supra,* at 3-4, 7 OBR at 258, 454 N.E. 2d at 953 (C. Brown, J., concurring). Thus, the trial court must consider whether lesser sanctions would best serve this interest. *Dukes* v. *Cole* (1985), 23 Ohio App. 3d 65, 23 OBR 110, 491 N.E. 2d 374.

Upon receiving notice of the intended dismissal if he failed to appear at the pretrial conference, Laguta asked the trial court to transport him to the courthouse. The next communication Laguta received was a judgment entry informing him that his case was dismissed with prejudice. We hold that the trial court's dismissal with prejudice of Laguta's claim without first reviewing lesser sanctions and determining that their application would not further the interests of justice was an abuse of discretion.

We, therefore, reverse and remand for further proceedings.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and GEORGE, J., concur.