J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, and RALPH D. COLE, JR., J., retired, of the Third Appellate District, sitting by assignment.

## In re ATKINS.

[Cite as *In re Atkins* (1990), 67 Ohio App.3d 783.]

Court of Appeals of Ohio,
Ross County.

No. 1606.

Decided May 25, 1990.

*Walter Atkins, pro se.*

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Common Pleas Court of Ross County, Probate Division, dismissing, for want of prosecution, a petition for name change filed in that court by Walter Atkins, petitioner below and appellant herein. Appellant has failed to designate a statement of assignments of error, as required by App.R. 16(A)(2), but has set forth the following "grounds" for his appeal:

"(1) The probate court committed prejudicial error in case No. 89–CN–9 by violating the appellant's due process and equal protection of the law rights through the denial of his name change petition.

"(2) The probate court violated the appellant's statutory right pursuant to Ohio Revised Code Sections 2905.12 [*sic*] & 2912.45 [*sic*] through refusing to grant his name change petition after appellant had fully complied with statutory procedures."

The facts pertinent to this appeal are as follows. On May 23, 1989, appellant filed his petition for name change with the court below. Appellant alleged therein that the reason for his petition was that he is required by his Islamic faith to hold himself out in public under an Islamic name and, therefore, he requested an order of the court to change his name to "Rahrah Rashad." A hearing on the matter was originally scheduled for June 6, 1989, but was, for a reason not disclosed in the record, rescheduled to June 9, 1989, by the court.

On June 9, 1989, the court below *sua sponte* dismissed the petition for "want of prosecution" without any further explanation of its action. It would appear, from appellant's return address and from allegations in his affidavit of indigency, that appellant is an inmate incarcerated in the Chillicothe Correctional Institute. Although not set forth in the judgment below, we

infer that the "want of prosecution" for which the court dismissed the petition was appellant's failure to appear at the noticed hearing.

Therefore, the issue posited for our review is whether the trial court erred in dismissing the petition after appellant failed to appear at the hearing. For the following reasons, we hold in the affirmative.

The dismissal of a claim for failure to prosecute is provided for by Civ.R. 41(B)(1) and (3) and is deemed to be on the merits, with prejudice, unless the court's order of dismissal affirmatively provides otherwise. See Staff Notes to Civ.R. 41; 9 West's Ohio Practice (1970) 616. The court's dismissal of appellant's name change petition does not otherwise specify and, therefore, is deemed to be on the merits.

It is settled that where a party fails to appear on the date set for a hearing, the court may order a dismissal under Civ.R. 41(B)(1). *Allstate Ins. Co. v. Rule* (1980), 64 Ohio St.2d 67, 69, 18 O.O.3d 299, 300, 413 N.E.2d 796, 798. However, such authority in the court is coupled with the caveat that an indispensable prerequisite to the dismissal is that plaintiff's counsel, or plaintiff if the proceeding is *pro se,* be given notice of the intended dismissal. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 2, 7 OBR 256, 256–257, 454 N.E.2d 951, 951–952.

Although *Perotti* concerned a failure to appear at a pretrial conference, the requirement of notice as an "indispensable prerequisite" was extended to a failure to appear at trial in *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299. In *Metcalf,* the Franklin County Court of Appeals reasoned that a party is entitled to notice of a Civ.R. 41(B)(1) motion to dismiss in order to have the opportunity to oppose said motion and failure to give such notice is prejudicial error. *Id.* at 167, 2 OBR at 183, 441 N.E.2d at 301. If a party had actually appeared at trial, but for some reason failed to prosecute, it would be sufficient notice to merely make the motion in the party's presence. *Id.* The Supreme Court has since applied this notice requirement, prior to dismissal under Civ.R. 41(B)(1), to a variety of situations in which there has been a want of prosecution. See, *e.g., Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 6 OBR 403, 453 N.E.2d 648; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879.

After a review of the sparse record of the proceedings below, we note that there is no evidence that appellant herein was given prior notice of the court's *sua sponte* entry of dismissal. Accordingly, under authority of *Metcalf, Svoboda* and *Moore, supra,* we hold that the court below committed prejudicial error by *sua sponte* dismissing the action without giving notice to

appellant in order to allow him to oppose said dismissal. Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

For purposes of remand, we would note that after the required prior notice of a *sua sponte* dismissal is given, it is then within the sound discretion of the court to dismiss the action for lack of prosecution and such a dismissal will not be reversed absent a showing of an abuse of discretion. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201. An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205; *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 275, 15 OBR 408, 409, 473 N.E.2d 798, 800.

Recently, the Summit County Court of Appeals held it to be an abuse of discretion for a trial court to dismiss a *pro se* complaint filed by an incarcerated prisoner under Civ.R. 41(B)(1) without first reviewing lesser sanctions and determining that their application would not further the interests of justice. *Laguta v. Serieko* (1988), 48 Ohio App.3d 266, 549 N.E.2d 216. The court in *Laguta* explained as follows:

"In situations where, as here, the plaintiff is unrepresented by counsel and incarcerated, the federal courts have ruled that trial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits. *Poole v. Lambert* (C.A. 11, 1987), 819 F.2d 1025; *Palmer v. Decatur* (C.A. 7 1987), 814 F.2d 426; *Reynolds v. Foree* (C.A. 8, 1985), 771 F.2d 1179; *Sisk v. United States* (C.A. 7, 1985), 756 F.2d 497; *Holt v. Pitts* (C.A. 6, 1980), 619 F.2d 558; *Heidelberg v. Hammer* (C.A. 7, 1978), 577 F.2d 429. If the risks and expense involved in transporting the prisoner to the courthouse are prohibitive, these courts have suggested a number of other alternatives to dismissal including a bench trial in the prison, trial by depositions, appointment of *pro bono* counsel to assist the plaintiff, postponement of proceeding if the plaintiff's release is imminent, or dismissal without prejudice leaving open the possibility of the plaintiff's refiling his case at a later date.

"We too recognize that civil actions filed by *pro se* prisoners provide peculiar problems to our already overburdened trial courts. We therefore borrow from our federal counterpart in urging trial courts to be 'imaginative and innovative' in dealing with such cases. *Poole, supra,* at 1029. It must always be kept in mind that the main objective of justice is to decide cases on their merits." *Id.* at 267, 549 N.E.2d at 217.

This reasoning is sound. Accordingly, we suggest that justice is best served if a court considers alternatives, or lesser sanctions, before imposing the harshest sanction of dismissal with prejudice.

However, we find no merit to the arguments raised in appellant's brief. Appellant contends that the court's dismissal of his petition deprived him of his rights to due process and equal protection under the laws as well as his statutory right to a name change under R.C. 2717.01. Without reaching the question of whether such rights exist, it is sufficient to note that federal and state courts have an "inherent power" to manage their own affairs and may dismiss, *sua sponte,* an action for lack of prosecution. See *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 738 (concerning Fed.R.Civ.P. 41[b]); *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 222, 6 O.O.3d 237, 238, 369 N.E.2d 800, 802 (that Ohio Civ.R. 41[B] is patterned after its federal counterpart). Thus, even if appellant has a statutory or constitutional right, the courts have an inherent power to dismiss an action to vindicate those rights when a complainant fails to prosecute the claim.

Appellant also makes reference to an alleged agreement denoted in his brief as "case No. C-2-223 (S.D.Ohio-1973)" which allegedly was an agreement with the state of Ohio to allow persons in appellant's position "to practice the tenets of their faith in all aspects." We do not reach this issue as the alleged agreement is not contained in the record.

However, as stated previously, we hold that it was prejudicial error for the court to dismiss appellant's name change petition without first giving notice of its *sua sponte* dismissal and affording appellant the opportunity to defend against the same.

*Judgment reversed
and cause remanded.*

HOMER E. ABELE, P.J., and HARSHA, J., concur.