OPINION
Plaintiff-appellant, Jonah Elkins, appeals the ruling of the Clermont County Court of Common Pleas dismissing his complaint for divorce from defendant-appellee, Patricia Elkins. We reverse and remand for proceedings not inconsistent with this opinion.
On December 3, 1997, appellant, who is incarcerated at the Chillicothe Correctional Institution, filed a pro se complaint for divorce. On December 8, 1997, service was obtained upon appellee by certified mail. On December 12, 1997, the parties were noticed to appear for a pre-trial proceeding on January 2, 1998. On December 24, 1997, appellant filed a "motion to convey to hearing," which requested the trial court to order the Clermont County sheriff to transport him to the pre-trial proceeding or, alternatively, schedule a "conference call" so appellant could appear.
On January 7, 1998, a magistrate stated in a pre-trial order that "[i]f [appellant] does not appear with a corroborating witness, the Complaint for Divorce will be dismissed." On January 23, 1998, appellant filed "objections to pre-trial orders." Appellant objected to, inter alia, the requirement that appellant appear before the court since he is incarcerated. On February 12, 1998, the trial judge interpreted the pre-trial objections as a motion to set aside. The trial judge concluded the motion was not timely filed and dismissed appellant's motion. On February 11, 1998, the magistrate dismissed appellant's complaint for divorce because he failed to appear with a corroborating witness. The magistrate cited Civ.R. 75(L), which states in relevant part that "[j]udgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence."[1] The trial court adopted the magistrate's findings on February 17, 1998. From this dismissal,[2]
appellant filed a timely notice of appeal and presents three assignments of error for our review:
Assignment of Error No 1:
 It was error for the court to fail to either grant the petitioner's motion to transport or to be present via telephone conference call.
Assignment of Error No. 2:
 It was error for the court to grant the recommendation of the magistrate and dismiss the complaint without allowing the plaintiff an opportunity to respond pursuant to civil rule 52(A).
Assignment of Error No. 3:
 It was error for the court to dismiss the appellant's objections to the magistrates [sic] preliminary ruling when the appellant is a lay person and is not trained in the law and did offer an [sic] reasonable excuse for not filing said objections on time.
Appellant's first assignment of error argues that the trial court erred by failing to grant his request to be transported to the trial court or enter an appearance in the pre-trial hearing through a conference call.
In Nye v. Nye (June 25, 1997), Hamilton App. No. C-960461, unreported, discretionary appeal not allowed, 80 Ohio St.3d 1432, the court addressed whether an inmate had a constitutional right to be transported from prison to the courthouse in order to physically attend hearings related to his divorce. The court concluded, consistent with other precedent in Ohio, the decision as to whether an inmate can appear in a civil case is within the discretion of the trial court.[3] The court also noted that "[a]lternative means for presenting evidence were available * * * that would have substantially the same effect as [the inmate's] personal presence."
Id. at 9.
In this case, the trial court could reasonably have concluded that the expense and security risk outweighed the need for appellant to be personally present at the pre-trial hearing. However, by dismissing the entire complaint without considering any alternative, the trial court abused its discretion. As in Nye, "alternative means" for conducting the pre-trial hearing were available. See Laguta v. Serieko (1988), 48 Ohio App.3d 266. The most logical method would likely be a telephonic conference, but that decision is for the trial court. This court simply holds that a pro se prisoner divorce complaint cannot be dismissed for the sole reason that the prisoner cannot personally appear in court.
We are aware that the trial court included in its order the failure of appellant to appear with a corroborating witness. Indeed, in Mathews v. Laci (May 4, 1992), Clermont App. No. CA91-09076, unreported, this court affirmed the trial court's dismissal of a prisoner divorce complaint precisely for this reason. However, in this case, regardless of the status of appellant's corroborating witness, the trial court demanded that appellant personally appear in court and failed to consider any alternative. We cannot justify dismissing the divorce complaint after one scheduled pre-trial conference at which appellant was given no meaningful opportunity to attend or present evidence. Cf. Mathews at 2 (trial court dismissed case after two scheduled hearings because "[appellant] made no arrangements to produce a corroborating witness or other credible evidence * * *").
Accordingly, the first assignment of error is well-taken. This case is remanded to the trial court for appellant to continue the prosecution of his divorce from appellee. We encourage the trial court to consider alternative means of allowing appellant to present evidence, including by deposition or affidavit. See Wernert v. Wernert (C.P. 1991), 61 Ohio Misc.2d 436, 441, citing Laguta, 48 Ohio App.3d at 267. Based upon the disposition of the first assignment of error, the remaining assignments of error are rendered moot.
Judgment reversed and cause remanded to the trial court for proceedings not inconsistent with this opinion.
POWELL, P.J., and WALSH, J., concur.
[1] Effective July 1, 1998, this rule is found in Civ.R. 75(M).
[2] Appellant filed a motion to reconsider on February 26, 1998, which the trial court overruled on March 9, 1998. Since the trial court previously entered a final judgment on February 17, 1998, the motion and order are a nullity and are not part of the appellate record before this court. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus.
[3] The court noted the following nine factors in deciding whether allow an inmate to appear in a civil case: "whether the inmate's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether the inmate is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the inmate to court; (4) any security risk posed by the inmate's presence; (5) the substantiality of the litigated issues; (6) the need for resolution of those issues; (7) the possibility of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the inmate's interest in presenting evidence in person, rather than via deposition." Nye at 7-8.