JOURNAL ENTRY AND OPINION
Appellant Santura Charles Freeman appeals from the trial court's dismissal for want of prosecution of his complaint for divorce from appellee Janet Kimble-Freeman. Freeman assigns the following as error for our review:
 THE TRIAL COURT ABUSED ITS DISCRETION, AND/OR ERRED TO THE PREJUDICE OF THE APPELLANT, BY DISMISSING THIS ACTION WITH NO LEGAL GROUNDS FOR DOING SO, DENYING DUE PROCESS EQUAL PROTECTION OF LAW AND ACCESS TO THE COURTS IN VIOLATION OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, THE FIRST, FIFTH AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Having reviewed the record and pertinent law, we vacate the trial court's order and remand this cause to the trial court for further proceedings. The apposite facts follow.
On October 17, 2000, Freeman, an inmate at Grafton Correctional Institution in Grafton, Ohio, filed for divorce in the Cuyahoga County Court of Common Pleas. Freeman attempted service via certified mail upon Kimble-Freeman; however, service failed because her address was unknown. Freeman then successfully moved the court for service via posting of notice pursuant to Civ.R. 4.4(A)(2).[1] Upon Kimble-Freeman's failure to answer, Freeman moved for default entry. The trial court set a hearing on Freeman's complaint for February 7, 2001. Freeman moved the trial court for an order allowing him to participate in the hearing via telephone from prison. On February 8, 2001, the trial court journalized its denial of this motion, and on February 9, 2001, dismissed Freeman's complaint for want of prosecution. This appeal followed.
The trial court apparently dismissed Freeman's claim, under authority of Dom. Rel.Loc.R. 4(A), due to his failure to appear at the February 7, 2001 hearing. Accordingly, we address the trial court's decision in that regard.
We consider a trial court's dismissal order under an abuse of discretion standard.[2] For an abuse of discretion to exist, the fact-finder'sresult must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[3]
A party has a right to a reasonable opportunity to be present at trial and a right to a continuance for that purpose.[4] In the event a party is not present, Dom. Rel.Loc.R. 4(A) provides:
 Nonappearance. If a party seeking relief fails to appear on the scheduled trial or hearing date, either in person or by counsel, the Court may enter an order dismissing the action for want of prosecution.
Due to his incarceration, Freeman could not personally attend the hearing. Further, because he exercised his constitutional right to proceed pro se, he did not have counsel to appear on his behalf. Thus, we are left to answer whether a trial court may dismiss a civil complaint from an incarcerated pro se defendant without first considering other methods of providing the complainant access to the courts. We hold it may not.
In Ciecierski v. Scott,[5] the complainant was pro se and incarcerated during her scheduled hearing. This court ruled the trial court abused its discretion in dismissing the complaint for want of prosecution under Civ.R. 41(B). In support of our decision, we cited Laguta v. Serieko[6] where the Ninth District Court of Appeals found the trial court abused its discretion when it dismissed a pro se inmate's complaint for want of prosecution.[7] That court stated:
 [T]rial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits.[8]
We acknowledge these cases are distinguishable from the present case in that the trial courts in Ciecierski and Laguta relied on Civ.R. 41(B) rather than Dom. Rel.Loc.R. 4(A); regardless, the same reasoning applies. Even though Freeman certainly may re-file his complaint for divorce, doing so would likely result in an unending cycle of dismissals and re-filings until Freeman obtained counsel or was released from prison. The trial court must take some measure to preclude this anticipated cycle and to allow Freeman, and others similarly situated, to address the merits of their complaints.
The trial court has, at its disposal, adequate means of addressing this problem. Freeman even suggested a telephonic conference which the trial court rejected without explanation. Other solutions could include appointing pro bono counsel for Freeman, or staying proceedings until Freeman can obtain counsel, if he so chooses, or until he is released from prison.[9]
Dismissal of a pro se inmate's complaint for want of prosecution where no means of appearance is available is an abuse of the trial court's discretion. Accordingly, Freeman's assigned error has merit, and we vacate the trial court's order dismissing Freeman's complaint and remand this cause to the trial court for further proceedings.
Judgment vacated and remanded.
Judgment vacated and cause is remanded to the lower court for further proceedings consistent with this opinion.
Costs to be divided equally between appellees and appellants.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS; TERRENCE O'DONNELL, J., DISSENTS.
[1] Civ.R. 4.4 (A)(2) provides:
 In a divorce, annulment, or legal separation action, if the plaintiff is proceeding in forma pauperis and if the residence of the defendant is unknown, service by publication shall be made by posting and mail. Before service by posting and mail can be made, an affidavit of a party or the party's counsel shall be filed with the court. * * *.
 Upon the filing of the affidavit, the clerk shall cause service of notice to be made by posting in a conspicuous place in the courthouse or courthouses in which the general and domestic relations divisions of the court of common pleas for the county are located and in two additional public places in the county that have been designated by local rule for the posting of notices pursuant to this rule. * * *.
[2] See Meros v. Meros, 1997 Ohio App. LEXIS 2113 (May 15, 1997), Cuyahoga App. No. 71162, unreported.
[3] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3.
[4] Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617.
[5] 1996 Ohio App. LEXIS 1802 (May 2, 1996), Cuyahoga App. No. 69740, unreported.
[6] (1988) 48 Ohio App.3d 266, 549 N.E.2d 216.
[7] Id.
[8] Id. at 267, 217.
[9] See Laguta, supra.