[Cite as *Jones v. Roberts*, 2014-Ohio-2798.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

William R. Jones, II,                       :

      Plaintiff-Appellant,              :

                                                    **No. 14AP-151**

v.                                          :       (C.P.C. No. 13JU-12-17150)

Joanelle R. Roberts et al.,                 :       **(ACCELERATED CALENDAR)**

      Defendants-Appellees.            :

---

D E C I S I O N

Rendered on June 26, 2014

---

*William R. Jones, II*, pro se.

*Farlow & Associates, LLC*, and *Christopher L. Trolinger*, for
appellee Jan Doe Roberts.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

BROWN, J.

{¶ 1} William R. Jones, II, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court dismissed William's complaint.

{¶ 2} William and Joanelle R. Roberts, defendant-appellee, were in a relationship and had a child together in July 2009. On December 26, 2013, William filed a pro se complaint for allocation of parental rights and responsibilities against Joanelle and her mother, Jan Doe Roberts. In his complaint, William indicated that his parents should also be granted visitation with the child.

{¶ 3}   A hearing before the magistrate was held February 10, 2014. Joanelle and her counsel appeared; however, William did not appear. Apparently, William was incarcerated at the time of the filing of his complaint and the February 10, 2014 hearing. On February 11, 2014, the magistrate issued a decision dismissing the complaint, without prejudice, for failure to prosecute the case due to William's failure to appear at the hearing. The trial court adopted the magistrate's decision the same day. William did not file objections to the magistrate's decision. William, pro se, appeals the judgment of the trial court, asserting the following two assignments of error:

> [I.] THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW WHEN ACCEPTING THE MAGISTRATE'S SUA SPONTE DISMISSAL OF MATTERS SET FOR A HEARING ON FEBRUARY 10TH 2014, WITHOUT FIRST CONSIDERING RIGHT OF THE PARTIES APPEARING, IN SPITE OF APPELLANT'S INABILITY TO APPEAR.
>
> [II.] THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW WHEN ACCEPTING THE MAGISTRATE'S SUA SPONTE DISMISSAL OF MATTERS WHICH CONCERNED PATERNAL GRANDPARENTS' RIGHT AND PRIVILDEGES PURSUANT TO O.R.C. 3109.051(D) AND O.R.C. 3109.12(A)(B) et seq., BEING PRESENT ON THE FEBRUARY 10TH 2014 HEARING.

{¶ 4}   We address William's assignments of error together, as they both argue that the trial court erred when it dismissed his complaint. William's argument is, generally, that the magistrate had a duty to consider the merits of his motion to establish his parental rights, privileges, obligations, and visitation for his parents. Although William admits that he was not present at the February 10, 2014 hearing, he claims that his parents were present.

{¶ 5}   We first note that William failed to file an objection to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) and Juv.R. 40(D)(3)(b)(iv) provide that, except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding. In other words, the failure to raise a proper objection to the magistrate's decision in the trial court waives all but plain error on appeal.

{¶ 6} We next note that this court does not have the transcript from the February 10, 2014 hearing. Therefore, our review of the case is limited to a determination of whether the trial court abused its discretion in adopting the magistrate's legal conclusions. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995) (where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, the reviewing court is only permitted to determine if the application of the law was proper or if it constituted an abuse of discretion).

{¶ 7} We find neither the magistrate nor the trial court erred in dismissing William's complaint for failing to appear at the hearing. The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. *Pembaur v. Leis*, 1 Ohio St.3d 89, 91 (1982). The term "abuse of discretion" as it applies to a dismissal with prejudice for lack of prosecution " 'implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion.' " *Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997), quoting *Pembaur* at 91.

{¶ 8} Here, William does not assert that the dismissal amounted to plain error. Notwithstanding, we find neither plain error nor an abuse of discretion. Where an inmate who is incarcerated and unrepresented by counsel fails to appear for a hearing, a trial court does not abuse its discretion in dismissing a case without prejudice. *Laguta v. Serieko*, 48 Ohio App.3d 266, 267 (9th Dist.1988) (no abuse of discretion when trial court dismissed unrepresented inmate's complaint without prejudice). By dismissing a case without prejudice, the court leaves open the possibility of the inmate refiling his case at a later date. *Id.* Here, the trial court's dismissal without prejudice was not plain error, given it was without prejudice, which gave William the ability to refile his case. William also had the option to secure counsel to attend the hearing on his behalf, but chose not to do so. *See Hughley v. Cintron*, 8th Dist. No. 93145, 2009-Ohio-5839, ¶ 13 (no abuse of discretion when trial court dismissed inmate's complaint when inmate could have obtained counsel to attend hearings on his behalf).

{¶ 9} Furthermore, although William asserts the trial court should have continued forward with the merits of the case in his absence, the Supreme Court of Ohio

has held that "[t]here is no authority in the Civil Rules for proceeding to a trial on the merits of the plaintiff's claim in his absence." *Allstate Ins. Co. v. Rule*, 64 Ohio St.2d 67, 69 (1980). In such a circumstance, the Supreme Court explained, the court may only dismiss the complaint for failure to prosecute or grant a continuance. *Id.* Here, there is no evidence in the record that any party ever moved for a continuance. In addition, although William claims his parents appeared at the hearing as his representatives, among other legal shortcomings with this argument, the record before us contains no evidence or indication that his parents were present. Therefore, this argument must be rejected. Under the present circumstances, we find the trial court did not err when it dismissed William's complaint without prejudice for failure to appear for a hearing. Therefore, William's first and second assignments of error are overruled.

{¶ 10} Accordingly, William's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

————————————————