[Cite as *Lindsey v. Lindsey*, 2015-Ohio-3846.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Steven Lindsey, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-146 |
| v. | : | (C.P.C. No. 14DR-2542) |
| Danielle Lindsey, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 22, 2015

*Steven Lindsey,* pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Plaintiff-appellant, Steven Lindsey, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing his complaint for divorce without prejudice. Plaintiff presents the following, sole assignment of error for our review:

> TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING COMPLAINT FOR DIVORCE WITHOUT CONSIDERING OTHER OPTIONS, CIV.R. 31 DISPOSITION UPON WRITTEN QUESTIONS TO SELF.

Because this court lacks jurisdiction, we dismiss the action.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Plaintiff and defendant-appellee, Danielle Lindsey, were married on October 19, 2010; they have one minor child in common. Plaintiff filed the instant complaint for divorce on July 15, 2014. Plaintiff is imprisoned at the Noble Correctional Institution ("NCI"); he proceeded pro se in the court below.

{¶ 3}    On January 2, 2015, plaintiff filed a notice with the court indicating that he would be taking his own deposition before the house notary public at NCI. On January 7, 2015, plaintiff filed a document containing the answers to the questions he asked himself on January 5, 2015. The questions and answers concerned the length of the parties' marriage, the birth of their child, and the grounds for the divorce.

{¶ 4}    The trial court scheduled the matter for a hearing on January 28, 2015.  On January 30, 2015, the court issued a dismissal entry noting that "Plaintiff, Steven Lindsey, failed to appear for the uncontested hearing scheduled on 1/28/2015." (Dismissal Entry, 1.) As such, the court dismissed the action "without record or prejudice." (Dismissal Entry, 1.)

## II. LACK OF A FINAL APPEALABLE ORDER

{¶ 5}    Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207 (4th Dist.1993). Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 6}    When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21 (1989). A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle,* 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88 (1989).

{¶ 7}    R.C. 2505.02(B) defines a final order as follows:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1)An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2)An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3)An order that vacates or sets aside a judgment or grants a new trial;

(4)An order that grants or denies a provisional remedy and to which both of the following apply:

(a)The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b)The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 8}  Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *See Chef Italiano* at syllabus; *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5-7. Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable. *Gen. Acc. Ins. Co.* at 21, citing *Douthitt v. Garrison,* 3 Ohio App.3d 254, 255 (9th Dist.1981).

{¶ 9}  "Generally, a dismissal without prejudice constitutes 'an adjudication otherwise than on the merits' with no res judicata bar to refiling the suit." *Johnson v. H&M Auto Serv.*, 10th Dist No. 07AP-123, 2007-Ohio-5794, ¶ 7, quoting *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2. This is because a trial court's dismissal without prejudice "places the parties in the same position they were in before they filed the action." *Id.* Thus, "a dismissal without prejudice is not a final appealable order, so long as a party may refile or amend a complaint." *Id. See also Hattie v. Garn*, 9th Dist. No. 98CA007208 (Dec. 29, 1999) (noting that "[a] dismissal without prejudice is not a final

determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible").

{¶ 10} The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. *Pembaur v. Leis,* 1 Ohio St.3d 89, 91 (1982). "Where an inmate who is incarcerated and unrepresented by counsel fails to appear for a hearing, a trial court does not abuse its discretion in dismissing a case without prejudice." *Jones v. Roberts*, 10th Dist. No. 14AP-151, 2014-Ohio-2798, ¶ 8, citing *Laguta v. Serieko,* 48 Ohio App.3d 266, 267 (9th Dist.1988). *See also Tolliver v. Liberty Mut. Group*, 10th Dist. No. 04AP-226, 2004-Ohio-6355, ¶ 6 (noting that "[p]risoners who bring civil actions have no constitutional right to be personally present at any stage of the judicial proceedings"). Accordingly, we find no abuse of discretion in the court's dismissal, given that the dismissal was without prejudice, and plaintiff has the ability to refile the case.

{¶ 11} We are cognizant that "civil actions filed by pro se prisoners provide peculiar problems to our already overburdened trial courts" and that the federal courts have urged "trial courts to be 'imaginative and innovative' in dealing with such cases." *Laguta* at 267, quoting *Poole v. Lambert*, 819 F.2d 1025 (11th Cir.1987). *See also Laguta* at 267 (suggesting "alternatives to dismissal" when a plaintiff is unrepresented and incarcerated, "including a bench trial in the prison, trial by depositions, appointment of pro bono counsel to assist the plaintiff, postponement of proceeding if the plaintiff's release is imminent, or dismissal without prejudice leaving open the possibility of the plaintiff's refiling his case at a later date"). However, as there is nothing to prevent plaintiff from successfully refiling the action, the trial court's dismissal of the action without prejudice is not a final appealable order. As such, this court is without jurisdiction to address plaintiff's assignment of error.

{¶ 12} Based on the foregoing, plaintiff's appeal is dismissed for lack of a final appealable order.

*Appeal dismissed.*

TYACK and KLATT, JJ., concur.

———————————