[Cite as *Russell v. State*, 2016-Ohio-840.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ERIC T. RUSSELL, SR. | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 26739 and 26758 |
| | : | |
| v. | : | T.C. NO. 14CV4969 |
| | : | |
| STATE OF OHIO, et al. | : | (Civil appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of _____March_____, 2016.

. . . . . . . . . .

ERIC T. RUSSELL, SR., 4100 West Third Street, Building 400, Dayton, Ohio 45428
        Plaintiff-Appellant

ANNE M. JAGIELSKI, Atty. Reg. No. 0093047, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee Montgomery County Sheriff Phil Plummer

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the pro se Notices of Appeal of Eric T.
Russell, Sr., filed on June 23, 2015 and July 9, 2015. This Court consolidated the
appeals on September 23, 2015. Russell appeals from the dismissal of his petition for a
writ of habeas corpus (CA 26739) and the dismissal of a civil complaint with prejudice

(CA 26758). The decision of the trial court dismissing Russell's habeas corpus petition is affirmed, and the decision dismissing Russell's civil complaint with prejudice is reversed. The matter is remanded for further proceedings consistent with this opinion.

{¶ 2} We initially note that on August 19, 2015, this Court affirmed Russell's conviction, after a jury trial, on one count of domestic violence (knowingly; two priors), in violation of R.C. 2919.25(A), a felony of the third degree, and one count of domestic violence (threats; two priors), in violation or R.C. 2919.25(C), a first degree misdemeanor. Russell was sentenced to 12 months in prison for the felony and to 180 days for the misdemeanor, to be served concurrently. The jury acquitted Russell of a third domestic violence charge. This Court reversed the portion of the trial court's judgment ordering 67 days of jail time credit and remanded the matter for correction of the amount of jail time credit. *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373.

{¶ 3} The instant matter began on August 28, 2014, when Russell filed a pro se complaint against the City of Dayton Police Department and Detective Hollie Bruss, Michael Howley, the Montgomery County Board of Commission ("MCBC"), Montgomery County Sheriff Phil Plummer, Susan Souther, the State of Ohio, and the victim in the above domestic violence case, alleging "civil and constitutional rights violations," and "prisoner rights violations." Russell alleged that statements he made in the course of the investigation of the allegations of domestic violence in the above case violated his *Miranda* rights and were subject to suppression. He also alleged that while he was held in the Montgomery County Jail, he filed numerous complaints regarding his rights as a prisoner based upon the "religious bigotry" of jail staff. He asserted that he was denied requested medical treatment, and that he was denied the opportunity to attend a hearing

on the domestic violence victim's petition for a civil protection order.

{¶ 4} Sheriff Plummer filed an Answer on September 18, 2014. The MCBC, Susan Souther, Michael Howley, and the Dayton Police Department and Detective Bruss filed motions to dismiss, which the trial court granted. Russell filed multiple "Notices," "Objections," "Entries" and "Motions." For example on December 30, 2014, he filed a "Motion for Demand of Judgment on Sheriff Phil Plummer and the State of Ohio pursuant to case # 2014-CR-01896 'B' * * *" which the trial court construed as a motion for summary judgment and overruled. On March 9, 2015, Russell filed a "Motion to Add New Claim to this Civil Action * * *," which the trial court overruled on March 20, 2015, noting that it "appears from the Motion the Defendant seeks to amend his Complaint to include ineffective assistance of counsel, and other allegations relating to a separate criminal action. This Court lacks authority in this civil action to review matters associated with Defendant's criminal conviction."

{¶ 5} On April 30, 2015, the trial court issued a Final Pretrial Order, scheduling a final pretrial conference for June 17, 2015, and setting trial for June 29, 2015. The Order provides: "FAILURE TO APPEAR AT THE FINAL PRETRIAL CONFERENCE OR TRIAL, OR FAILURE TO HAVE A WELL INFORMED SUBSTITUTE AVAILABLE, WILL RESULT IN DISMISSAL OF THE CASE FOR FAILURE TO PROSECUTE UNDER OHIO R. CIV.P. 41(B)(1). * * ." On May 18, 2015, Russell filed a "Withdrawal of Complaint against named Defendants," which provides in part as follows:

> Plaintiff comes before this Court, acknowledging having received the
> final Pretrial Order – Discovery Deadlines/ Perpetuation of Trial Testimony
> – etc., etc; Plaintiff's End of Definite Sentence in Criminal Case

<u>#14CR01896 is September 12, 2015 meaning it's close to impossible to appear before this Court on my own accord.</u>

Wherefore, <u>Plaintiff hereby withdraws this Complaint against the named Defendants – "Mont. Co. Commission, Susan F. Souther, Michael J. Howley CPC/DR";</u>

Whereas, Habeas Corpus petition will include Montgomery Co. Sheriff Phil Plummer as custodian during the period for which I've been held in Montgomery Co. Jail: (See Count # 3 of Criminal Case #14CR01896 from 3/23/14 – 10/30/14; See also Dayton Municipal Court case # 14CRB5643) * * *

{¶ 6} On June 3, 2015, Russell filed a Petition for a Writ of Habeas Corpus. He asserted that he is incarcerated at Noble County Correctional Institution, and that in "cases # CPC 14CR01896 & #DMC14CRB05643 Relator Eric T. Russell was remanded to the custody of Sheriff Phil Plummer of the Montgomery County Jail, Dayton, Ohio * * *." In a section entitled "Prayer for Relief," Russell requested "that he may be discharged from said illegal confinement pursuant to R.C. § 2725.17 Discharge of Prisoner."

{¶ 7} On June 9, 2015, the trial court issued a Notice that provides: "It appears to the court that Plaintiff dismissed certain Defendants on May 18, 2015. However, Defendant's claims against Montgomery County Sheriff, Phil Plummer, and [the domestic violence victim] remain pending. Therefore, the trial scheduled in this matter for June 29, 2015 shall go forward as scheduled * * *." The court, also on June 9, 2015, issued a "Decision, Order and Entry Overruling Petition for a Writ of Habeas Corpus" that provides as follows:

Plaintiff, by his own assertion, is no longer being held at the Montgomery County Jail. Plaintiff was sentenced [on] November 18, 2014 in the criminal case 2014 CR 01896, the case to which he refers throughout his multiple filings in this matter. On November 18, 2014, the Montgomery County Court of Common Pleas filed an Entry and Warrant to Transport Prisoner to the Ohio Department of Rehabilitation and Corrections. On November 19, 2014, the court filed a Termination Entry that again stated that Plaintiff would be "delivered to the Correctional Reception Center" to be imprisoned for a term of one year.

* * *

Plaintiff has not alleged that any of the individuals who are parties to this case has actual legal custody of him as an inmate. Instead, the Plaintiff is in the custody of the Warden of the Nob[le] Correctional Institution. As such, Plaintiff has failed to meet his procedural burden relating to his Petition for Writ of Habeas Corpus, and this court is without jurisdiction to consider said Petition.

* * *

{¶ 8} On June 17, 2015, Russell filed a "Motion for Request of Copies," attached to which is correspondence to the trial court which provides in part:

I'm writing you for an alternative solution on "Pre" Trial schedule, I'm hoping for your acceptance of my "Application for Writ" (Habeas Corpus) that was sent May 28th, 2015 * * * I'm hoping the issues with my 178 days Jail time Credit will be resolved soon on criminal appeal filed in case #26503

by Appellate Counsel Lucas Wilder, which would've made my outdate from ODRC May 20th 2015 * * *

* * *

I've sent Correspondence to an Attorney in Middletown Ohio whom I've asked/requested to act on my behalf – "represent me", in the upcoming trial proceedings * * * This letter went out on June 8, 2015 – I will update this Court as soon as I get any response from this attorney on whether he's able to take my civil case for me: (Due to my current disposition of incarceration).

**{¶ 9}** On June 19, 2015, after Russell failed to appear for the June 17, 2015 pretrial conference, the trial court dismissed Russell's complaint with prejudice for failure to prosecute.

**{¶ 10}** Russell's Notices of Appeal are addressed to the trial court's decision overruling his Petition for a Writ of Habeas Corpus and to the trial court's decision dismissing his civil complaint against various defendants. We initially note that Russell's brief fails to comply with App.R. 16, which governs briefs and requires specific assignments of error. In his brief, Russell asserts that the victim in the domestic violence case falsely accused him. He asserts, "Plaintiff's Appeal of 'Entry for Dismissal' by the Trial Court, case # 2014 CV 04969 comes from the restraints of my life and liberty to appear at the June 29th, 2014 Civil Jury Trial." Russell asserts, "We pray for the foregoing argument and reasons that this Court grant reliefs and remedies sought in the stated Claim of unfair trial practices by the Trial Court for scheduling hearing and Trial without the presence of this Plaintiff as said hearing to be heard * * * due to these

circumstances of 'Prison Term' beyond my capacity and control." (Sic). We construe Russell's brief to argue as assigned errors that the trial court erred in failing to grant his petition for a writ of habeas corpus and in dismissing his cause of action.

{¶ 11} The State responds as follows:

* * * Appellant failed to originally name the correct party in the Writ of Habeas Corpus and even if he did name the correct party, Appellant has subsequently been released from incarceration and the issue is moot. Secondly, the lower court's decision to dismiss Appellant's civil suit for failing to prosecute was proper because Appellant was on notice of the final pretrial conference and he failed to appear. Accordingly, for all of the foregoing reasons, the Montgomery County Sheriff respectfully requests that this Court uphold the lower court's decisions.

{¶ 12} Regarding Russell's habeas corpus petition, R.C. 2725.04 provides:

Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C) The place where the prisoner is so imprisoned or restrained, if

known;

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶ 13} R.C. 2725.03 governs jurisdiction for the discharge of inmates and provides:

If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 14} The "proper respondent" in habeas corpus "is the individual who is directly responsible for keeping the petitioner in custody." *Spears v. DeWeese*, 102 Ohio St.3d 202, 2004-Ohio-2364, 808 N.E.2d 389, ¶ 4. As the trial court noted, Russell did not allege that any of the defendants in Case No. 2014 CV 4969 had custody of him, and at the time Russell was in the custody of the Warden of Noble Correctional Institution, in Caldwell, Noble County, Ohio, as reflected in his petition. Since the trial court lacked jurisdiction to consider Russell's petition, the court correctly dismissed it.

{¶ 15} Regarding the dismissal of Russell's complaint, Civ.R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the

court upon motion of a defendant or on its own motion may * * * dismiss an action or claim." In *Harden v. City of Dayton,* 2d Dist. Montgomery No. 22072, 2008-Ohio-1599, Charles Harden appealed from an order dismissing Harden's action for failure to prosecute against Andrew Clark, a City of Dayton police officer who pursued and apprehended Harden after a robbery. *Id.*, ¶ 1. "Harden pled guilty to use of a firearm during a crime of violence and received a 15-year prison sentence," and he was incarcerated in a federal prison in Pennsylvania. *Id.*, ¶ 5. Represented by an attorney, "Harden commenced an action (Case No. 05-CV-0122) against Clark and the City of Dayton, alleging a 42 U.S.C. § 1983 excessive force violation and a 42 U.S.C. § 1983 substantive due process violation." *Id.*, ¶ 6. The City was dismissed and Harden voluntarily dismissed his action against Clark. *Id.* Harden subsequently refiled a second action pro se against the City and Clark. *Id.*, ¶ 7. Harden filed a motion to compel discovery. *Id.*, ¶ 8. The trial court issued an order scheduling a final pretrial conference and a jury trial, and the order included identical language to that reflected in the pre-trial order issued herein regarding dismissal pursuant to Civ.R. 41(B). Harden filed a subsequent motion requesting the trial court to compel the City of Dayton to provide Harden with discovery, which the City opposed. Clark filed a motion for summary judgment, which Harden opposed.

On December 27, 2006, Harden requested a continuance of the trial date because he had not received the discovery that he sought. He also sought appointment of counsel. On January 9, 2007 Harden filed a motion for appoint of counsel. Among other things, Harden notified the trial court that he would not be able to attend the final pretrial conference or the jury

trial because he is in prison and does not have an attorney. Harden stated that he needed an attorney to represent him at the final pretrial conference and to obtain necessary discovery. It appears that the trial court did not rule on Harden's requests for a continuance and appointment of counsel.

*Id.*, ¶ 14. When Harden failed to appear at the pretrial conference, the trial court dismissed Harden's action for failure to prosecute. *Id.*, ¶ 15.

{¶ 16} This Court noted that the "decision to dismiss an action pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. * * *." *Id.*, ¶ 24. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. * * * A decision is unreasonable if there is no sound reasoning process that would support that decision. * * * ." *Bohme v. Bohme,* 2d Dist. Montgomery No. 26021, 2015-Ohio-339, ¶ 11.

{¶ 17} This Court's further analysis in *Harden* is as follows:

In *Laguta v. Serieko* (1988), 48 Ohio App.3d 266, 267, the Ninth District cautioned trial courts regarding the use of Civ.R. 41(B)(1) to dismiss actions involving pro se litigants who are incarcerated:

"In situations where, as here, the plaintiff is unrepresented by counsel and incarcerated, the federal courts have ruled that trial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits. *Poole v. Lambert* (C.A.11, 1987), 819 F.2d 1025; *Palmer v. Decatur* (C.A.7, 1987), 814 F.2d 426; *Reynolds v. Foree* (C.A.8, 1985), 771 F.2d 1179; *Sisk v. United States* (C.A.7, 1985), 756 F.2d 497; *Holt v. Pitts* (C.A.6, 1980),

619 F.2d 558; *Heidelberg v. Hammer* (C.A.7, 1978), 577 F.2d 429. If the risks and expense involved in transporting the prisoner to the courthouse are prohibitive, these courts have suggested a number of other alternatives to dismissal including a bench trial in the prison, trial by depositions, appointment of pro bono counsel to assist the plaintiff, postponement of proceeding if the plaintiff's release is imminent, or dismissal without prejudice leaving open the possibility of the plaintiff's refiling his case at a later date.

"We too recognize that civil actions filed by pro se prisoners provide peculiar problems to our already overburdened trial courts. We therefore borrow from our federal counterpart in urging trial courts to be 'imaginative and innovative' in dealing with such cases. *Poole, supra*, at 1029. It must always be kept in mind that the main objective of justice is to decide cases on their merits. See *Perotti, supra*, 7 Ohio St.3d at 3-4, 7 OBR at 258, 454 N.E.2d at 953 (C. Brown, J., concurring). Thus, the trial court must consider whether lesser sanctions would best serve this interest. *Dukes v. Cole* (1985), 23 Ohio App.3d 65, 23 OBR 110, 491 N.E.2d 374."

We share the Ninth District's concerns, and agree that a dismissal under Civ.R. 41(B)(1) for failure to prosecute should be a last resort in a case like the one before us. Harden had requested discovery, appointment of counsel, and continuances on multiple occasions. The trial court did not rule on these requests. Although Harden does not have a constitutional right to counsel in a civil proceeding, the trial court could have considered the

appointment of pro bono counsel. *Freeman v. Kimble-Freeman* (Nov. 29, 2001), Cuyahoga App. No. 79287. Such counsel could guide Harden through the process of filing a writ of habeas corpus ad testificandum to request the court's permission to appear in person at the civil proceedings. *Brown v. Brown*, Mahoning App. No. 02 CA 77, 2003-Ohio-4878, ¶ 14, citing *In re Colburn* (1987), 30 Ohio St.3d 141, 142.

At a minimum, prior to invoking the harsh sanction of dismissal under Civ.R. 41(B)(1), the trial court should have considered alternative, less punitive ways to address the logistical problems associated with a pro se litigant who is incarcerated in an out-of-state prison. Although an incarcerated litigant has no absolute right to be present for civil litigation, the trial court has many options it may explore before it arbitrarily dismisses an action for failure of an incarcerated litigant to appear. *In re Hall* (1999), 135 Ohio App.3d 1, 6, citing *Drescher v. Summers* (1986), 30 Ohio App.3d 271. The record does not reflect that the trial court explored such options prior to dismissing Harden's action. Therefore, we find that the trial court abused its discretion in dismissing Harden's action for failure to prosecute based solely on Harden's failure to appear.

In reaching this conclusion, we express no opinion concerning the merits of Harden's alleged violation of his civil rights or the truth of the facts he alleged in his complaint. However, we are also mindful that courts regularly tell persons who claim their constitutional rights were violated in the course of an arrest that their available avenue of relief is a civil rights

action. It would be more than ironic that such an action is then dismissed because an incarcerated pro se plaintiff fails to appear, when no alternative to his personal appearance has been explored.

*Id.*, ¶ 27-32.

{¶ 18} Pursuant to *Harden*, and expressing no opinion concerning the merits of Russell's allegations, we conclude that the trial court abused its discretion in dismissing, with prejudice, Russell's cause of action against the remaining defendants, namely Phil Plummer, the State of Ohio, and the domestic violence victim, for failure to prosecute. Russell requested "an alternative solution" to the pre-trial conference and his mandatory appearance, suggesting with proper jail time credit, he would be released forthwith and would secure representation by counsel. Having only been sentenced to a one-year term, Russell's release from prison was imminent. He alleged civil and constitutional rights violations, and we find that the trial court erred in failing to consider the "number of other alternatives to dismissal," as set forth in *Harden*, and that a dismissal for failure to prosecute should have been "a last resort." Accordingly, the trial court's order dismissing Russell's complaint against the remaining defendants is reversed, and the cause is remanded for further proceedings consistent with this opinion. The trial court's dismissal of Russell's habeas corpus petition is affirmed.

. . . . . . . . . .

FROELICH, J., concurs.

HALL, J., concurring and dissenting:

{¶ 19} I agree that the trial court lacked jurisdiction to consider Appellant's petition for a writ of habeas corpus. However I conclude that the trial court did not abuse its

discretion by dismissing Appellant's purported civil complaint for failure to prosecute, although, in my view, the appropriate resolution should have been a dismissal without prejudice given Russell's incarceration.

**{¶ 20}** In regard to the dismissal, I note that Appellant's pro se "Civil Complaint" is largely a protestation of his innocence and a complaint about the victim of his domestic violence. Not only is it difficult to understand the nature of the complaint, the document contains no prayer for relief. Furthermore, the record fails to show he filed a Pretrial Statement as required by the April 30, 2015 pretrial order. With these additional factors, it was not an abuse of discretion for the trial court to dismiss the complaint. However, given the case law cited by the majority and the Appellant's incarceration which was of limited duration, the appropriate resolution was to have made the dismissal without prejudice.

. . . . . . . . . .

Copies mailed to:

Eric T. Russell, Sr.
Anne M. Jagielski
Liza Luebke
John Musto
Laura Mariani
H.B.
Hon. Mary Katherine Huffman